IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID VOLZ, NICHOLAS ARMADA, SCOTT COOK, AHMED KHALEEL, STEPHANIE BRIDGES, and JUAN SQUIABRO, | : : : : : | 1:10-cv-00879-MRB-SKB |
| Plaintiffs, | : : | **ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT** |
| -against- | : : | |
| THE COCA-COLA COMPANY and ENERGY BRANDS INC., | : : : | |
| Defendants. | : | |

In this Action,[1] Plaintiffs, in their individual capacities and on behalf of all others similarly situated (the "Settlement Class"), assert Claims against Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (collectively "Defendants"). Defendants have denied each of the Claims asserted against them in this Action and deny any and all liability. Plaintiffs maintain that the Claims have merit and that a class should be certified in this Action.

This Court has now been presented with a Motion for Preliminary Approval of Proposed Settlement and a Settlement Agreement dated July 31, 2014. The Settlement Agreement was negotiated, and consented to, on behalf of the Parties, with the assistance of this Court, and resolves the Claims against Defendants arising out of the Action as set forth in the Settlement Agreement. Notice of the proposed settlement has been served on the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Definitions Section I of the Settlement Agreement.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, the absence of any evidence of collusion between Plaintiffs and Defendants, and the Court's own supervision of the negotiations, and being preliminarily satisfied that the Settlement Agreement is fair, reasonable, and consistent with applicable laws; and being satisfied that the proposed Notice of Class Action Settlement is adequate and sufficiently informative as to the terms and effect of the proposed settlement and the conditional certification of the Settlement Class, IT IS ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. § 1332(d).  This Court also has jurisdiction over all Parties to the Action, including all members of the Class, as defined in Paragraph 3 below.

2. The Settlement Agreement is preliminarily and conditionally approved as a fair, reasonable, and adequate compromise of the risks of the Action, subject to further consideration at the Final Approval Hearing.  Plaintiffs and Defendants are authorized and directed to take all actions that may be required prior to final approval by the Court of the proposed settlement and compromises set forth in the Settlement Agreement.

3. For the sole purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate and whether this Action should be dismissed with prejudice as to Defendants, a Settlement Class is preliminarily and conditionally certified under Rule 23(b)(2) of the Federal Rules of Civil Procedure, as follows:

    3.1 The Settlement Class shall consist of the following five Settlement Subclasses:

    3.1.1 Florida Class:  All persons who are residents of the State of Florida who purchased the Product in the State of Florida from January 1, 2003, up to and including the Notice Date.

    3.1.2 Illinois Class:  All persons who are residents of the State of Illinois who purchased the Product in the State of Illinois from January 1, 2003, up to and including the Notice Date.

    3.1.3 Missouri Class:  All persons who are residents of the State of Missouri who purchased the Product in the State of Missouri from January 1, 2003, up to and including the Notice Date.

       3.1.4   Ohio Class: All persons who are residents of the State of Ohio who purchased the Product in the State of Ohio from January 1, 2003, up to and including the Notice Date.

       3.1.5   U.S. Virgin Islands Class: All persons who are residents of the U.S. Virgin Islands who purchased the Product in the U.S. Virgin Islands from January 1, 2003, up to and including the Notice Date.

   3.2   Defendants and their officers, directors, employees, and agents are excluded from the Settlement Class definition.

4. Solely for purposes of the proposed settlement, Nicholas Armada and Scott Cook are designated as Class Representatives of the Florida Class, Ahmed Khaleel is designated as a Class Representative of the Illinois Class, Stephanie Bridges is designated as Class Representative of the Missouri Class, Dave Volz is designated as Class Representative of the Ohio Class, and Juan Squiabro is designated as Class Representative of the U.S. Virgin Islands Class.

5. The Court conditionally approves of and appoints Richard S. Wayne of Strauss Troy Co., LPA and Brian Giles of Statman, Harris & Eyrich LLC to serve as Lead Class Counsel for the Settlement Class, and further conditionally approves of and appoints Aashish Y. Desai of the Desai Law Firm, P.C. and William C Wright of The Law Offices of William C. Wright, P.A. as Class Counsel for the Florida Class; Aashish Y. Desai of the Desai Law Firm, P.C. and Scott J. Ferrell of the Newport Trial Group as Class Counsel for the Illinois Class; Christopher S. Shank of Shank & Hamilton, P.C. as Class Counsel for the Missouri Class; Richard S. Wayne and Joseph J. Braun of Strauss Troy Co., LPA, and Brian Giles of Statman Harris & Eyrich LLC as Class Counsel for the Ohio Class; and J. Russell Pate of The Pate Law Firm as Class Counsel for the U.S. Virgin Islands Class, for the purpose of determining whether the proposed settlement embodied in the Settlement Agreement should be approved as fair, reasonable, and adequate and whether this Action should be dismissed with prejudice as to Defendants.

6. If the proposed settlement is not approved or consummated for any reason whatsoever, then the settlement class certification established by this Order will be vacated, the Class and Defendants will return to the status of the claims, defenses, and class certification immediately prior to July 31, 2014, the date on which the proposed settlement was reached; the proposed settlement and all proceedings conducted in connection therewith shall be stricken from the record and shall be without prejudice to the status quo ante rights of Plaintiffs and Defendants.

7. The Long Form of Notice of Class Action Settlement (the "Long Form Notice") attached as Exhibit C to the Settlement Agreement and the Summary Notice attached as Exhibit B to the Settlement Agreement are approved. Dissemination of the Class Notice as set forth in the Notice Plan satisfies the requirements of due process and the Federal Rules of Civil Procedure. The Long-Form Notice and Summary Notice will be published in accordance with the terms of the Notice Plan set forth in the Settlement Agreement. Non-substantive

changes may be made to the Long-Form Notice and Summary Notice by agreement of Plaintiffs and Defendants without further order of this Court.

8. Angeion Group is appointed as the Notice Administrator.

9. Class Counsel shall file their motion for attorneys' fees, costs, and expenses prior to October 22, 2014. If any motions for incentive awards to Class Representatives are to be made, they shall be filed by October 22, 2014. Defendants shall file any response to any motions filed under this paragraph within 14 days.

10. A Final Approval Hearing shall be held at 12:30 p.m. on December 2, 2014, for the purpose of determining whether the proposed settlement and compromise set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the Action with respect to Defendants is appropriate. This hearing will be held at the United States District Court, Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, Ohio 45202, and the Court will consider and determine:

    10.1 whether the proposed settlement is fair, reasonable, and adequate to members of the Class and should be approved by the Court;

    10.2 whether the proposed Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(2) for purposes of the proposed settlement;

    10.3 whether the Court should enjoin Defendants according to the specific terms in the Settlement Agreement;

    10.4 whether Final Judgment should be entered, dismissing the Action as to Defendants, on the merits and with prejudice, and to determine whether the release by the Class of the Released Claims, as set forth in the Settlement Agreement, should be provided;

    10.5 whether the Court should approve Class Counsel's application for an award of attorneys' fees, expenses, and costs;

    10.6 whether the Court should approve any motion for an award of incentive fees for the Class Representatives; and

    10.7 such other matters as the Court may deem appropriate.

11. Any person who wishes to oppose or object to final approval of the settlement and compromise in this Action shall mail an objection letter to "Objections – Vitaminwater Notice Administrator," c/o Angeion Group, and service of the objection should be effectuated on Lead Class Counsel, counsel for Defendants, and the Court. Objection letters must be postmarked by November 3, 2014, and must include all of the following:

11.1 *Volz v. The Coca-Cola Company*, 1: 10-cv-00879-MRB-SKB;

11.2 The objector's name, address and telephone number;

11.3 A statement of the objection and a summary of the reasons for the objection;

11.4 Copies of any documents upon which the objection is based; and

11.5 A statement of whether the objector or the objector's lawyer will ask to speak at the final approval hearing.

12. Any person who wishes to appear at the Final Approval Hearing, either in person or through counsel, by November 3, 2014, in addition to providing the above information shall also:

12.1 Identify the points the objector wishes to speak about at the hearing;

12.2 Enclose copies of any documents the objector intends to rely on at the hearing;

12.3 State the amount of time the objector requests for speaking at the hearing; and

12.4 State whether the objector intends to have a lawyer speak on his or her behalf.

13. Any lawyer who intends to speak on behalf of an objector at the Final Approval Hearing shall enter a written notice of appearance of counsel with the Clerk of Court no later than November 3, 2014. All properly submitted objections shall be considered by the Court.

14. Any member of the Class who does not object in the manner set forth above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed settlement, the Final Approval Order and Judgment to be entered approving the settlement, the Release of Claims, or the attorneys' fees, costs, expenses, or incentive fees requested.

15. All proceedings in the Action, other than such as may be necessary to carry out the terms and conditions of this Order or the responsibilities incidental thereto, are stayed and suspended as between Plaintiffs and Defendants until further order of the Court.

16. The Court may adjourn the Final Approval Hearing, or any adjournment thereof, without any further notice other than an announcement at the Final Approval Hearing, or any adjournment thereof, and may approve the Settlement Agreement with modifications as approved by the parties to the Settlement Agreement without further notice to the Class.

17. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the proposed settlement.

SO ORDERED this 24th day of September, 2014.

                                              */s/ Michael R. Barrett*
                                          The Honorable Michael R. Barrett
                                          United States District Court
                                          Southern District of Ohio