UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID VOLZ, *et. al.*,

          Plaintiffs,

v.

THE COCA COLA COMPANY and
ENERGY BRANDS, INC.,

          Defendants.

Case No: 1:10-cv-00879
(Judge Barrett)

## UNOPPOSED MOTION OF CLASS COUNSEL FOR ATTORNEYS FEES AND COSTS

Plaintiffs Dave Volz, Ahmed Khaleel, Nicholas Armada, Scott Cook, Stephanie Bridges and Juan Squiabro (collectively "Plaintiffs" or "Class Representatives") move the Court for the entry of an Order awarding Class Counsel attorneys' fees and costs in the amount of $1,200,000.00 payable by Defendants The Coca-Cola Company and Energy Brands, Inc. (d/b/a Glaceau) (collectively "Defendants") as provided for in the Settlement Agreement. Defendants do not oppose this motion.

### I. CLASS COUNSEL'S FEE REQUEST SHOULD BE GRANTED

Rule 23(h) of the Federal Rules of Civil Procedure expressly authorizes the Court to award "reasonable attorneys fees and non taxable costs ... by agreement of the parties..." Negotiated and agreed-upon attorneys fees as part of a class-action settlement are encouraged by the Courts. *Bailey v. AK Steel Corp.*, 2008 U.S. Dist. LEXIS 18838, at *3 (S.D. Ohio Feb. 28, 2008); *see also Manners v. Am. Gen. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22880, 1999 WL 33581944 * 28 (M.D. Tenn. 1999); *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 322-23 (W.D. Texas 2007) (collecting cases).

1

Moreover, courts are especially amenable to awarding negotiated attorneys' fees and expenses in a reasonable amount where that amount is in addition to and separate from the relief obtained for the class. *Bailey v. AK Steel Corp.*, 2008 U.S. Dist. LEXIS 18838, at *3; *DeHoyos v. Allstate Corp.*, 240 F.R.D. at 322; *Manners v. Am. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 22880, at * 28. As the *DeHoyos* court noted, fees negotiated and paid separate and apart from the class recovery are entitled to a "presumption of reasonableness." *DeHoyos*, 240 F.R.D. at 323.

In this case, the parties have negotiated an amount of fees and expenses which both Defendants and Plaintiffs have agreed is reasonable. Declaration of Richard Wayne ("Wayne Decl.) at ¶8. The negotiations as to the amount of fees and expenses to be paid to Class Counsel took place at arm's-length between the Parties after the substantive terms of the Settlement Agreement were agreed upon. *Id.* at ¶7. The negotiated fees and expenses are being paid separate and apart and do not in any way diminish the recovery to the Class. *Id.* The Fee Request is also less than Class Counsel's current lodestar. *Id.* These factors "weigh strongly in favor of approval" of the fee application. *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D.N.Y. 2006). In addition, counsel representing Plaintiffs in each of the States involved in this action have agreed to a division of the fees awarded by the Court.

Here, because the Settlement Agreement provides: (i) substantial injunctive relief to the Settlement Class Members; (ii) preserves the Settlement Class Members' right to file Damage Claims on an individual or class-wide basis; and (iii) the agreed-upon fees and expenses is less than the time and expenses actually incurred by Class Counsel in this case and the Fee Request should be approved. In addition, Class Counsel undertook this case on a contingency basis and have not received any payment for their work on the case to date. The Fee Request is also appropriate under a lodestar analysis.

2

### A. The Lodestar Approach

"The lodestar approach necessitates that the court calculate the reasonable number of hours submitted multiplied by the attorneys' reasonable hourly rates." *In re Telectronics Pacing Sys.*, 137 F. Supp.2d 1029, 1041 (S.D. Ohio 2001). After the lodestar is calculated and confirmed, it can be adjusted to reflect that the attorneys took the case on a contingency fee basis, were not guaranteed success, and/or to "sustain the incentive of attorneys to continue to represent [their clients] on an inescapably contingent basis." *Florin v. NationsBank of Ga., N.A.*, 60 F.3d 1245, 1247 (7th Cir. 1995). In approving class counsel's fee requests, Federal Courts regularly grant multiplier of lodestar. For example, in *Lowther v. AK Steel Corp.*, 2012 U.S. Dist. LEXIS 181476, *17 (S.D. Ohio Dec. 12, 2012), a multiplier of **3.06** was held to be "very acceptable under the facts and circumstances of this case and especially in light of the extraordinary service rendered by counsel on behalf of the Class." In *In re Cardinal Health Inc. Sec. Litig.*, 528 F.Supp 2d 752, 767 (S.D. Ohio 2007), the court approved a lodestar multiplier of *six*. While the results obtained by Class Counsel in this case justify a multiplier, Class Counsel is not seeking a multiplier in this case.

### B. The Fee Request is reasonable under Sixth Circuit Standards.

In reviewing the reasonableness of a fee request, the Sixth Circuit utilizes a six-factor test: [a]n award of attorneys' fees and costs must be reasonable, meaning an award adequate enough to attract competent counsel but one that does not produce a windfall to attorneys. *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 2008) (*quoting Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1451, 79 L. Ed. 2d 891 (1984)). In determining whether the amount of an award is reasonable, courts consider (1) the value of the benefit rendered for the class, (2) society's stake in rewarding attorneys who produce such benefits, (3) whether the services were undertaken on a contingent fee basis, (4) the value of the services on an hourly basis, (5) the complexity of the

3

litigation, and (6) the professional skill and standing of the attorneys involved. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974); *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *20. Each of these factors is addressed below:

### 1. The Settlement Agreement benefits the Class.

The most important factor in determining the reasonableness of fees is the result obtained. *Citizens Against Pollution*, 484 F. Supp. 2d at 812. Here the Settlement Agreement provides Injunctive Relief to the Class and ensures that going forward, Vitaminwater will be marketed properly to consumers. The Injunctive Relief requires Defendants to significantly alter its Vitaminwater marketing practices and procedures. At the same time it preserves any Damage Claim that any Class Member (except Plaintiffs) may have and allows for the bringing of an individual suit or a class action suit.

### 2. Society's Stake in Awarding Attorneys who produce such Benefits.

Granting the Fee Request will ensure that Class Counsel and future class counsel are encouraged to take such cases. "Encouraging qualified counsel to bring inherently difficult and risky but beneficial class action [cases]... benefits society." *In re Cardeziam*, 218 F.R.D. 508, at 534 (E.D. Mich. 2003). "Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not have achieved in their own." *Kritzer*, 2012 U.S. Dist. LEXIS 74994 at *29; *see also In re Telectronics Packing Sys.*, 137 F. Supp.2d at 1043. ("[a]ttorneys who take class action matters services a benefit to society and the judicial process by enabling claimants to pool their claims and resources to achieve a result they could not obtain alone."). Here, the results obtained will inure to more than all Class Members. Plaintiff's counsel also believe that it will change the manner in which Defendants market their products to consumers.

4

Class Counsel has also agreed to cap their Fee Request to $1,200,000.00 and forego a multiplier. The Fee Request also includes Class Counsel's out of pocket costs and expenses. *See* Wayne Decl., at ¶8. Class Counsel's lodestar exceeds the Fee Request. This is significant because, as explained below, additional work remains to be done and Class Counsel has already agreed not to charge for this additional time, costs and efforts related to that remaining work. *Id.* Thus, any reduction would further decrease the lodestar value of Class Counsel, which lodestar already exceeds the Fee Request and may create a disincentive to undertake cases on a contingency basis that protect consumers. *Wess v. Storey*, 2011 U.S. Dist. LEXIS 41050, at * 30 (S.D. Ohio Apr. 14, 2011) (there is a public interest in ensuring that attorneys willing to represent low-income persons in fair debt and consumer protection cases are adequately paid so that they and others like them will continue to take on such cases. Adequate compensatory fee awards in successful class actions promote private enforcement of compliance within important areas of federal law) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310, 105 S. Ct. 2622, 86 L. Ed. 2d 215 (1985)).

3.   **The Contingent Nature of the Action.**

The contingent fee factor "stands as a proxy for the risk that attorneys will not recover compensation for the work they put in the case." *In re Cardinal Health*, 528 F. Supp.2d at 766. "[S]ome courts consider the risk of non recovery as the most important factor in fee determination." *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *29 (citing *In re Cardinal*, 528 F. Supp.2d at 766). "[A]ttorneys who take on class action matters enabling litigants to pool their claims provide a huge service to the judicial process and should be rewarded for their effects." *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 U.S. Dist LEXIS 67441, at *42 (W.D. Ky. 2013)

5

From the outset, Class Counsel litigated this Action on a contingent basis and placed at risk their own resources. Wayne Decl. at ¶6. Success and recovery were never guaranteed. Absent the filing of this Action (on a contingency fee basis) and ultimately the Settlement Agreement, Plaintiff and Class Members risked obtaining no recovery at all. In fact, Defendants have not conceded liability, nor the appropriateness of class certification. In the face of this risk, Class Counsel has obtained excellent results on behalf of Class Members. The risks undertaken by Class Counsel for the benefit of Class Members serve as another, very significant factor supporting the reasonableness of Class Counsel's Fee Request.

**4.     The Value of the Services on an Hourly Basis.**

(a)     Class Counsel's billing records also support the requested fees and costs.

Class Counsel kept contemporaneous and detailed billing records describing the billable hours spent, the work performed, and the costs incurred leading to this Settlement Agreement. Wayne Decl. at ¶9.

Class Counsel judiciously divided and assigned work in a balanced and efficient manner to accomplish a successful result. *Id.* This complex matter involved multiple states and theories of law, and an evolving fact pattern. Moreover, opposing counsel does not oppose Class Counsel's Fee Request. *Cf. Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp.2d 800, 814 (S.D. Ohio 2007) (acknowledging that this Court is not in the business of nor interested in second guessing or micro-managing law firms' business practices). In total, Class Counsel have, up to October 10, 2014, spent 3,190.7 hours litigating this Action since the filing of the initial complaints for a total current lodestar of $1,918,415.50. Wayne Decl. at ¶ 10.

6

All of the work performed by Class Counsel was necessary to advance this litigation, narrowing it and negotiating a successful Settlement Agreement. Among other things, this work included:

- Conducting substantial background factual research as to Plaintiffs' claims;

- Conducting substantial legal research as to the laws of Ohio and the laws of various other states as to the legal viability of Plaintiffs' claims;

- Researching theories of law applicable to the facts of this Action and drafting the initial complaints and the consolidated amended complaint;

- Preparing and filing the complaints, and the consolidated amended complaint;

- Participate in multiple hearings, including class certification hearing in MDL proceeding;

- Prepare for and participate in mediation with Judge Barrett;

- Months of negotiations through meet and confer conferences with Defendants to establish and refine the settlement terms which resulted in the execution of the Settlement Agreement;

- Continued negotiations over the language in the various settlement documents, including, but not limited to, the Settlement Agreement, Motion for Preliminary Approval and proposed Order, all class notices, press releases and forms used by the Settlement Administrator, and the Motion for Final Approval; and

- Ongoing communications with the Plaintiffs regarding the status of the Action and the negotiations of the Settlement Agreement.

Wayne Decl. at ¶11. Class Counsel performed all of this work at reasonable hourly rates. Attorney rates ranged from $295/hour to $795/hour, based on the experience of the attorney. *See*

7

Wayne Decl." at ¶12. Class Counsel's rates are reasonable and comparable with rates approved by many courts in similar matters.[1]

The reasonableness of Class Counsel's fees is further confirmed by reviewing the *average* hourly rates charged by attorneys and other time-keepers. Class Counsel's total hours are 3,190.7. Wayne Decl. at ¶10. Thus, even without subtracting for costs, the *average* rate equals $376. Also, the total number of hours spent and the total lodestar to date of Class Counsel is reasonable in light of the complexity of the litigation and is comparable to the hourly (not contingency) billed amount paid by Defendants to its counsel for comparable work.

    (b)    Class Counsel's Fee Request is less than the current lodestar value, and therefore contains no multiplier.

After the substantive terms of the Settlement Agreement were agreed upon, Class Counsel recognized that significant benefits had been achieved for the Class, and therefore, as the discussion turned to attorneys' fees, Class Counsel agreed to cap its demand for fees and costs at $1,200,000.00. Stated another way, Class Counsel agreed to forego payment for all of the time, costs, and efforts expended beyond the agreed upon cap. As noted above, Class Counsel's lodestar, as of the date of the filing of this Motion, is $1,918,415.50, and therefore, they are requesting a negative multiplier. The Fee Request is only for sixty three percent (63%) of their lodestar.

---

[1] *See also Lowther v. AK Steel Corp.*, 2012 U.S. Dist. LEXIS 181476, at *16 (S.D. Ohio 2012) (finding that requested rates of $500/hour for senior attorneys are within the range of rates approved by courts in other actions and within the range of hourly rates charged by large defense law firms); *Liberty Legal Found. v. Democratic Nat'l Comm.*, 2012 U.S. Dist. LEXIS 171708, at *25 (W.D. Tenn. 2012) (finding that reasonable rates for counsel in that District for the work performed for Defendants would be $225/hour for associates and $500/hour for services from senior partners); *In re Oral Sodium Phosphate Solution-Based Prods. Liab. Action*, 2010 U.S. Dist. LEXIS 128371, at *24 (N.D. Ohio 2010) (Court applying rates of $500/hour for senior partners, $300/hour for associates, and $150/hour for paralegals).

Significant work remains to be done to conclude the case, which will result in additional fees and costs incurred by Class Counsel and this will result in Class Counsel's lodestar to further exceed the Fee Request. Wayne Decl. at ¶13. There is a "strong presumption" that this lodestar figure represents a reasonable fee. *Ousley v. Gen. Motors Ret. Program for Salaried Emps.*, 496 F. Supp 2d 845,850 (S.D. Ohio 2006). To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Here, Class Counsel are highly respected members of the bar with extensive experience in prosecuting complex litigation, including consumer class actions. Wayne Decl. at ¶14.

Finally, "the quality and vigor of opposing counsel is important in evaluating the services rendered by Lead Counsel." *In re Charter Commuc'ns, Inc.. Sec. Litig.* 2005 U.S. Dist. LEXIS 29679, at * 53 (E.D. Mo June 30, 2005). Here, counsel for the Defendants are highly respected and experienced attorneys in class action litigation, and in particular, consumer class action issues.

### 5. The Complexity of the Litigation.

In general, "[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with them." *In re Telectronics Pacing Sys.*, 137 F. Supp.2d at 1013 (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp.2d 164, 174 (S.D.N.Y. 2000)). While the facts of this Action were relatively straightforward, their legal import was complex. The Complaint included multiple causes of action. Had this Settlement Agreement not been achieved, Class Counsel knew factual and legal questions would continue to be the subject of dispute for years to come. *See, e.g., Citizens Against Pollution v. Ohio Power Co.*, 484 F. Supp.2d 800, 814 (S.D. Ohio 2007) (recognizing the novelty and complexity

9

of plaintiffs' claims as a factor in determining a reasonable fee award). The substantial litigation expenses, and a possible delay in recovery due to the appellate process, also provide justifications for this Court's approval of the proposed Settlement.

### 6. The Professional Skill and Standing of the Attorneys Involved.

Class Counsel are highly skilled in consumer protection, class action, and complex litigation matters, *see* Wayne Decl. at ¶14, as evidenced by Class Counsel's resume attached as Exhibits 1-6 to the Wayne Declaration. Class Counsel have successfully litigated numerous class actions and other complex litigation cases in the past twenty years. *Id.*

The Court should also evaluate the quality of opposing counsel. "The ability of Co-Lead Counsel to negotiate a favorable settlement in the face of formidable legal opposition further evidences the reasonableness of the fee award requested." *In re Delphi Securities, Derivative & ERISA Litig.*, 248 F.R.D. 483, 504 (E.D. Mich. 2008). Here, Defendants employed Quinn Emanuel, Urquhart and Sullivan, LLP and Shook, Hardy and Bacon, LLP, both well-known and accomplished defense firms, experienced in handling complex litigation, and well known to litigants and judges in the Sixth Circuit, to vigorously defend the interests of their clients. In the face of such an opponent, Class Counsel was able to achieve a superb result for the Class.

A review of these six factors demonstrates that Class Counsel's Fee Request in the amount of $1,200,000.00 is well below Class Counsel's lodestar, and is fair, reasonable, and should be granted.

October 22, 2014                                     Respectfully submitted

/s/ Brian T. Giles
Brian T. Giles (Ohio Bar No. 0072806)
STATMAN HARRIS & EYRICH
3700 Carew Tower
441 Vine Street
Cincinnati, OH 45202
(513) 621-2666 – Telephone
(513) 621-4896 – Facsimile
E-mail: *bgiles@statmanharris.com*

/s/ Richard S. Wayne *(per authority)*
Richard S. Wayne (Ohio Bar No. 0022390)
Joseph J. Braun (Ohio Bar No. 0069757)
STRAUSS TROY
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: *rswayne@strausstroy.com*
E-mail: *jjbraun@strausstroy.com*

*Lead Class Counsel and Attorneys for the Ohio Class*

/s/ Aashish Y. Desai *(per authority)*
DESAI LAW FIRM, P.C.
3200 Bristol Street, Suite 650
Costa Mesa, CA 92626
(949) 614-5830 – Telephone
(949) 271-4190 – Facsimile
E-mail: *aashish@desai-law.com*

/s/Scott Ferrell *(per authority)*
NEWPORT TRIALGROUP
4100 Newport Place, Ste. 800
Newport Beach, CA 92660
(949) 706-6464 - Telephone
(949) 706-6469 – Facsimile
E-mail: *sferrell@trialnewport.com*

11

/s/ William C. Wright *(per authority)*
THE WRIGHT LAW OFFICE, P.A.
301 Clematis St., Suite 3000
West Palm Beach, FL 33401
(561) 514-0905 – Telephone
(561) 514-0906 – Facsimile
E-mail: *willwright@wrightlawoffice.com*

*Attorneys for Florida and Illinois Classes*

/s/ J. Russell Pate *(per authority)*
THE PATE LAW FIRM
Royal Dane Mall, 2nd Floor
P.O. Box 990
St. Thomas, VI 00804
(340) 777-5270 – Telephone
(340) 777-5266 – Facsimile
E-mail: *jrbpate@yahoo.com*

*Attorneys for Virgin Islands Class*

/s/ Christopher Shank *(per authority)*
SHANK & HAMILTON, P.C.
2345 Grand, Suite 1600
Kansas City, MO 64108
(816) 471-0909 – Telephone
(816) 471-3888 – Facsimile
E-mail: *chriss@shankhamilton.com*

*Attorneys for Missouri Class*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the United States District Court Southern District of Ohio. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 22nd day of October, 2014.

/s/ Brian T. Giles
Brian T. Giles (0072806)