UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | | |
|---|---|---|
| DAVE VOLZ, AHMED KHALEEL, | : | |
| NICHOLAS ARMADA, SCOTT COOK, | : | Civil Action No. 1:10-cv-00879 |
| STEPHANIE BRIDGES and JUAN SQUIABRO, | : | |
| Individually and on Behalf of Those Others | : | (Judge Michael R. Barrett) |
| Similarly Situated, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | |
| | : | |
| THE COCA-COLA COMPANY and | : | |
| ENERGY BRANDS INC. (d/b/a GLACEAU) | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO TRUTH IN ADVERTISING, INC.'S MOTION FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN OPPOSITION TO PROPOSED SETTLEMENT**

Plaintiffs Dave Volz, Ahmed Khaleel, Nicholas Armada, Scott Cook, Stephanie Bridges and Juan Squiabro (collectively, "Plaintiffs"), by and through counsel, submit their Memorandum in Opposition to Truth in Advertising, Inc.'s ("TINA") Motion for Leave to File Brief as *Amicus Curiae* in Opposition to Proposed Settlement (the "Motion"). The Court should deny the Motion because TINA: (i) fails to satisfy the criteria applied by district courts in determining whether to allow participation in litigation by *amicus curiae*; and (ii) lacks standing to object to the proposed settlement.

**I.     TINA FAILS TO SATISFY THE CRITERIA REQUIRED OF AN *AMICUS CURIAE.***

There is no bright line rule or controlling case defining a federal district court's power to grant leave to file a brief as *amicus curiae*. The decision to grant leave to file an *amicus curiae*

memorandum in a pending district court action is within the sound discretion of the trial court.  *See e.g., Leigh v. Engle,* 535 F. Supp. 418, 420 (N.D. Ill. 1982).  In applying its discretion, a district court is required to examine several factors.

> **A.     The Parties are Adequately Represented, TINA Does Not Provide Unique Information, and TINA's Participation Will Impede the Resolution of This Action in Accordance with Federal Rule of Civil Procedure 23.**

First, it is proper to deny *amicus curiae* participation where the proposed brief will not assist the court in the resolution of the issues before it, or if the parties are already adequately represented in presenting the issues to the court.  *See Sierra Club v. Federal Emergency Management Agency,* 2007 WL 3472851 at *3.  "An *amicus* brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case…or when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.  Otherwise, leave to file an *amicus curiae* brief should be denied."  *Ryan v. Commodity Futures Trading Comm'n.,* 125 F. 3d 1062, 1063 (7th Cir. 1997).  In *Ryan*, Judge Posner emphasized the importance of barring *amicus* briefs unless it is clear that the parties' briefs do not adequately address the issues necessary for reaching a decision: "We are not helped by an *amicus curiae's* expression of a 'strongly held view' about the weight of the evidence, but by being pointed to considerations germane to our decision…that the parties for one reason or another have not brought to our attention."  *Id.* at 1064.

Moreover, "[a]n *amicus* cannot initiate, create, extend, or enlarge issues.  Further, an *amicus* has no right to appeal or dismiss issues."  *Parm v. Shumate*, 2006 WL 1228846 at *1 (W.D. La. May 1, 2006).  An *amicus* "may not raise additional issues or arguments beyond those raised by the parties." *Cellnet Communications, Inc. v. FCC*, 149 F. 3d 429, 443 (6th Cir. 1998).

In this case, as detailed in the settlement pleadings submitted to the Court, including declarations of class counsel, all parties are adequately represented by counsel with extensive experience in prosecuting and defending consumer and other class actions - TINA has not alleged otherwise. [Doc. 51, Ex. 1] This Court indicated in its September 24, 2014 Order Preliminarily Approving Class Action Settlement (the "Order") that it is "satisfied that the Settlement Agreement is fair, reasonable, and consistent with applicable laws." [Doc. 40, p.21] The parties are in agreement that the settlement is fair and reasonable, and reached the Settlement only after this Court's assistance as mediator.

From a practical perspective, TINA's Motion constitutes a *de facto* appeal of this Court's Order, in which the Court, among other items, preliminarily affirmed the adequacy and fairness of the proposed settlement. TINA's Motion provides no assistance to this Court, and actually impedes it by labeling the settlement as "unfair," arguing for relief not before this Court, and by attempting to create a conflict to serve its own political purpose – essentially demanding a *de novo* review of the Order.

TINA's challenge is that the settlement does not provide monetary relief to the class members; rather, the settlement is solely for injunctive relief under Federal Rule of Civil Procedure 23(b)(2). Because this action was certified under Federal Rule of Civil Procedure 23(b)(2) monetary relief cannot be the predominant remedy afforded to the class members. [Doc. 48, p.2] The Advisory Committee Notes on Rule 23 state that class certification under (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or *predominantly* to money damages." Rule 23(b)(2) "is designed simply to facilitate class actions in which injunctive relief plays a central role." *U.S. v. Trucking Emp., Inc.*, 75 F.R.D. 682, 692 (D.D.C. 1977). "Limiting the different categories of class actions to specific kinds of relief clearly reflects a concern for how the

interests of class members will vary, depending upon the nature of the class injury alleged and the nature of the relief sought." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 412 (5th Cir. 1998). "The underlying premise of the (b)(2) class—that its members suffer from a common injury properly addressed by class-wide relief—begins to break down when the class seeks to recover…monetary relief." *Id*. at 413.

TINA's brief does not advocate for a particular amount of monetary relief to be afforded to the class members, but simply condemns the fees and expenses requested by plaintiffs' counsel as "disparate treatment." [Doc. 49, Ex. 2, p.7] As demonstrated in the memorandum and declarations filed in support of Plaintiffs' request for fees and expenses, the fees and expenses requested are only a fraction of the time and expenses plaintiffs incurred in litigating this case.

Clearly, TINA does not possess any unique information – the information contained in its brief is readily available to both parties and this Court—and there is no reason to believe that TINA has access to greater technical, scientific or legal expertise. TINA's Motion does not assist this Court in resolving the issues; rather, it appears to serve the political agenda of TINA. *See*, press release and news article attached hereto as Exhibit "A." These facts weigh heavily against permitting TINA to participate as *amicus curiae*.

**B.** **TINA is Not A Class Member But Seeks A Monetary Settlement Which Is Not Available Under Federal Rule of Civil Procedure 23(b)(2).**

Second, courts look to whether the "partisanship" of the prospective *amicus* weighs against allowing participation. Many courts have held that outright denial of the *amicus* is appropriate where the prospective *amicus* is a friend of a party and has a "stake in the outcome" of the litigation. *Sierra Club v. Federal Emergency Management Agency,* 2007 WL 3472851 at *3*; see also, United States v. Gotti,* 755 F. Supp. 1157, 1159 (E.D. N.Y. 1991) (rejecting *amicus curiae* application for its failure to provide an "objective, dispassionate, neutral discussion of the issues"); *see also, Leigh,*

535 F. Supp. at 420 ("Indeed, if the proffer comes from an individual with a partisan, rather than impartial view, the motion for leave is to be denied, in keeping with the principle that an *amicus* must be a friend of the court and not a friend of a party to the cause.") The Sixth Circuit has held that the historical role of *amicus curiae* has been "to provide impartial information on matters of law about which there was doubt" and "not [to serve as] an adversary party." *United States v. Michigan,* 940 F.2d 143, 164-165 (6th Cir. 1991). The First Circuit has cautioned that "a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an *amicus* brief unless, as a party, although short of a right to intervene, the *amicus* has a special interest that justifies his having a say, or unless the court feels that existing counsel may need supplementing assistance." *Strasser v. Dooley,* 432 F.2d 567, 569 (1st Cir. 1970).

In this case, TINA's objectives are aligned with the Center for Science in the Public Interest, who is representing an objector in this matter, and already has a stake in the outcome of the litigation. TINA also seeks to further, what its website describes as, its mission "to be the go-to online resource dedicated to empowering consumers to protect themselves and one another against false advertising and deceptive marketing." *https://www.truthinadvertising.org/about.* Again, these facts weigh against the relief requested by TINA in its Motion.

C.      **TINA Seeks to Litigate Unnecessary and Irrelevant Factual Issues.**

Third, a court should deny *amicus* participation where the movant seeks to litigate or argue factual issues. Federal courts are to be more cautious in allowing *amicus curiae* participation at the trial court level than at the appellate level. *See e.g., Sierra Club v. Federal Emergency Management Agency,* 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007); *Leigh,* 535 F. Supp. at 422. "A district court must keep in mind the differences between the trial and appellate court forums in determining whether it is appropriate to allow an *amicus curiae* to participate. Chief among those differences is

that a district court resolves fact issues. An *amicus* who argues facts should rarely be welcomed. An *amicus* may be useful at the appellate level but not in the district court." *Sierra Club v. Federal Emergency Management Agency,* 2007 WL 3472851 at *1 (S.D. Tex. Nov. 14, 2007). In *Sierra Club*, the Southern District of Texas denied an *amicus curiae* application because the organization seeking *amicus curiae* leave sought to litigate factual issues.

TINA's Motion questions whether the proposed settlement is "fair", and asks the Court to further determine if any benefit is provided to the class members or if the marketing practices of Vitaminwater are rectified. [Doc. 49, Ex. 2, p.10] These constitute issues of fact to be determined by weighing the strength of evidence. Applying the logic used by the *Sierra Club* court to the facts in this case, there is no reason the parties should be forced to litigate under TINA's partisan standards whether the settlement is fair, when they already have agreed it is, with the assistance of the Court in mediating the dispute. A review of district courts' decisions is exclusively reserved for the appellate courts – not *amicus curiae*. Said another way, by allowing *amicus curiae* to object to proposed settlements they subjectively perceive as "unfair," this Court will encourage oppositions to settlements by partisan groups that do not actually represent class members.

## II.    TINA LACKS STANDING TO OBJECT TO THE PROPOSED SETTLEMENT.

TINA seeks leave of Court to file an *amicus* brief in order to object to the proposed settlement; however, TINA does not have proper standing to do so. TINA's Motion should be denied because it is not a class member, and, therefore, is without standing to object. The proposed settlement defines class members as all persons who are residents of the States of Ohio, Illinois, Florida and Missouri and the Virgin Islands who purchased the product in these States and Territory from January 1, 2003 up to and including the Notice Date. TINA does not qualify as a member of any of the classes involved in the proposed settlement. Non-class members have

no standing to object to the settlement of a class action. *See, e.g., San Francisco NAACP v. San Francisco Unified Sch. Dist.,* 59 F. Supp.2d 1021, 1032 (N.D. Cal. 1999) *citing Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) (citations omitted) ("The plain language of Rule 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *In re Drexel Burnham Lambert Group, Inc.*, 130 B.R. 910, 923 (S.D. N.Y. 1991) (noting that only class members have standing to object to the settlement of a class action), *aff'd*, 960 F.2d 285 (2d Cir. 1992).

Similarly, TINA has demonstrated no basis to be granted *amicus* status. As described above, the participation of *amicus curiae*, including the fact, extent, and manner of participation, is within the discretion of the trial court. *See Pennsylvania Environmental Defense Foundation v. Bellefonte Borough*, 718 F. Supp. 431, 434 (M.D. Pa. 1989); *United States v. Gotti*, 755 F. Supp. 1157, 1158 (E.D. N.Y. 1991); *Leigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982). However, even if the Court were to grant TINA *amicus* status, other courts have noted that "an *amicus curiae* is not a party to the litigation and technically has no standing to object to the settlement." *San Francisco NAACP*, 59 F. Supp.2d at 1033; *Wyatt by and through Rawlins v. Hanan*, 868 F. Supp. 1356, 1358–59 (M.D. Ala. 1994) (*amicus curiae* have no standing to oppose a settlement. Recognizing that a bright line exists between *amicus* and named parties, and that *amici* have no right to initiate, extend, or enlarge issues, nor to appeal or dismiss issues).

Aside from the fact it does not qualify as a member of the class, TINA has failed to intervene under Fed.R.Civ.P. 24. Assuming it had, the Sixth Circuit has identified four factors that a proposed intervenor must satisfy before intervention is permitted: (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be

impaired; and (4) the present parties do not adequately represent the applicant's interest. *In re Teletronics Pacing Sys., Inc.*, No. 1057, 1999 WL 305511 at *1 (S.D. Ohio Mar. 5, 1999) *rev'd sub nom. In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870 (6th Cir. 2000) *citing Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993); *Triax Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984). The burden lies with the proposed intervenor to satisfy each of the four factors. Failure to satisfy any one of the factors will prove fatal to his or her request to intervene. *Triax*, 724 F.2d at 1227.

Here, in addition to the arguments advanced above concerning the adequacy of counsel representing the parties, TINA's intervention would clearly be untimely. The timeliness requirement applies regardless of whether the intervention is sought as a matter of right or as a matter of discretion, *In re Teletronics*, 1999 WL 305511 at *1 *citing* 7C A. Wright, Miller & Kane, *Federal Practice and Procedure*, §1916 at 421 (1986). In determining whether a motion to intervene is timely, the court must consider the following factors: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the proposed intervenor's failure, after he or she knew or reasonably should have known of his or her interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990); *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (*citing Michigan Assoc. For Retarded Citizens v. Smith*, 657 F.2d 102, 105 (6th Cir. 1981)). No matter the situation, "[t]imeliness should be evaluated in the context of all relevant circumstances." *See id.* (*citing Bradley v. Milliken*, 828 F.2d 1186, 1191

(6th Cir. 1987)). On the record before the Court, any motion to intervene filed by TINA would be untimely.

In this case, the objection deadline has passed – objections to the proposed settlement were to be filed with this Court by November 3, 2014. Thirteen days before the deadline to object and more than four years after the initiation of these claims, TINA, which does not represent a class member, seeks to have the Court permit it leave to object to the proposed settlement improperly through the filing of an *amicus* brief. The parties would be prejudiced by allowing TINA to untimely intervene in this manner.

## CONCLUSION

This Court should deny TINA'S Motion for Leave to File Brief as *Amicus Curiae* in Opposition to Proposed Settlement because TINA: (i) fails to satisfy any of the criteria applied by district courts in determining whether to allow participation in litigation by *amicus curiae*; and (ii) lacks standing to object to the proposed settlement.

Respectfully submitted,

STRAUSS TROY

/s/ Richard S. Wayne
Richard S. Wayne (0022390)
Joseph J. Braun (0069757)
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: *rswayne@strausstroy.com*
E-mail: *jjbraun@strausstroy.com*

9

/s/ Brian T. Giles
Brian T. Giles (0072806)
Statman, Harris & Eyrich LLC
441 Vine Street, Suite 3700
Cincinnati, Ohio 45202-4018
(513) 621-2666 – Telephone
(513) 621-4896 – Facsimile
E-mail: *bgiles@statmanharris.com*

***Lead Class Counsel***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 5th day of November 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 5th day of November 2014.

/s/ Richard S. Wayne
Richard S. Wayne (0022390)

045688.943.3832026_2.docx