OBJECTORS:

BRADLEY L. HENRY
234 E. Blair St.
W. Chicago, IL 60185
Tel: (502) 631-0348

WANDA J. COCHRAN
1385 Russell Drive
Streetsboro, OH 44241
Tel: (330) 414-9322

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DAVID VOLZ, et al.<br><br>Plaintiffs<br><br>vs.<br><br>THE COCA COLA COMPANY and ENERGY BRANDS, INC.,<br><br>Defendants. | Case No. 1:10-cv-00879-MRB-SKB<br><br>Hearing Date: December 2, 2014<br>Time: 12:30 p.m.<br>Place: Courtroom 750, 7th Floor |

## NOTICE OF OBJECTION TO SETTLEMENT AND MOTION FOR ATTORNEY'S FEES

Now come Illinois class member Bradley L. Henry and Ohio class member Wanda J. Cochran ("Objectors"), who hereby object to the fairness, reasonableness, and adequacy of the proposed settlement for the following reasons:

1. *Absence of monetary compensation.*

When Plaintiffs started this action, they alleged Defendants' deceptive labeling of Vitaminwater products had enabled them to charge a premium over other sugar water products that was yielding $500 million in sales annually (Compl., para. 21). As a direct result, Plaintiffs claimed that Defendants "have benefitted and been unjustly enriched by their unlawful conduct" (para. 84). Accordingly, Plaintiffs sought damages equal to "the amount of Defendants' wrongful gains, including interest, resulting from its unlawful, unjust and inequitable misconduct" (para.

87). Now that Plaintiffs are settling this action, they have completely discarded all class claims for damages in favor of injunctive relief only.

For several reasons, Plaintiffs' wholesale abandonment of the suit's damage component is fundamentally unfair to absent class members. To begin, the average class member will conclude that all claims relating to deceptive product labeling are being resolved by this action. Moreover, it is highly doubtful that another class action firm will be willing to file a new case for damages only. In contrast, the few class members who will read and comprehend the long-form notice will wrongly conclude they are not releasing any damage claims for premiums paid during the class period. Contrary to their belief, the class representatives have agreed to "release and discharge all injunctive, declaratory, or *equitable* claims that have been brought, could have been brought, are currently pending, or ever brought in the future *by any Class Member \*\*\**" (Settlement Agreement, para. 40).

Among the claims expressly waived on behalf of the class is Plaintiffs' *equitable claim* for unjust enrichment set forth in Count III of the complaint. The elimination of this equitable claim for damages leaves Ohio's consumer fraud statutes as the only bases of liability. The waiver of an important theory of economic recovery: (i) betrays Plaintiffs' adequate representation of the class, (ii) renders the class notice inadequate, and (iii) exposes the class settlement's fundamental unfairness.

2.  *Unreasonable Attorneys' Fees*

Although Plaintiffs' fee request falls below class counsel's purported lodestar, they freely concede that the main indicator of fairness is the *benefit obtained* for class members. This concession dooms their petition. As noted above, Plaintiffs are completely abandoning their claims for economic recovery. Neither were they able to persuade Defendants to reduce the prices of the affected products according to the premium paid for their deceptive labeling. Now that Defendants

have built a strong and loyal customer base for these products, the cosmetic labeling changes required by the Agreement are not likely to impact future sales. The cumulative effect of the foregoing factors is to render the "benefits" touted by Plaintiffs *illusory*. To award the fee requested by class counsel under such circumstances would be an abuse of discretion. Counsel for Objectors serves notice of his intent to attend the fairness hearing scheduled for December 2, 2014.

## CONCLUSION

For the foregoing reasons, Objectors respectfully request that the Court:

(1) Reject the proposed settlement as presented;

(2) Refuse to enter final judgments dismissing class claims against Defendants with prejudice;

(3) Deny the motion for attorneys' fees as presented;

(4) Order an amended notice of proposed settlement.

Respectfully Submitted,

Bradley L. Henry
Wanda J. Cochran

By their attorney,

George W. Cochran (92855)
1385 Russell Drive
Streetsboro, Ohio 44241
Tel: (330) 626-5600
Fax: (330) 230-6136
Email: lawchrist@gmail.com

## Certificate of Service

The undersigned hereby certifies that the foregoing document was filed by ordinary U.S. mail on October 31, 2014 to the following addresses:

| Administrator | Court |
|---|---|
| Angeion Group<br>1801 Market Street, Suite 660<br>Philadelphia, PA 19103 | Office of the Clerk<br>Potter Stewart U.S. Courthouse<br>100 East Fifth Street<br>Cincinnati, OH 45202 |
| **Lead Class Counsel** | **Defendants' Counsel** |
| Richard S. Wayne<br>STRAUSS TROY CO. LPA<br>The Federal Reserve Building<br>150 East Fourth Street<br>Cincinnati, OH 45202-4018 | Shon Morgan<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>865 S. Figueroa Street, 10th Floor<br>Los Angeles, CA 90017 |

/s/ George W. Cochran
George W. Cochran