David Jay Ference
3920 Red Oak Rd.
Oregonia, OH 45054
937-205-5959

November 1, 2014

Administrator
Angeion Group
1801 Market Street, Suite 660
Philadelphia, PA 19103

Court
Office of the Clerk
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202

Lead Class Counsel
Richard S. Wayne
STRAUSS TROY CO. LPA
The Federal Reserve Building
150 East Fourth Street
Cincinatti, OH 45202-4018

Defendant's Counsel
Shon Morgan
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

Objection to Settlement in Volz v. The Coca-Cola Co., No. 1:10-cv-00879-MRB-SKB

Dear Clerk, Administrator and Counsel:

I, David Jay Ference, object to the settlement in Volz v. The Coca-Cola Co., No. 1:10-cv-00879-MRB-SKB as follows:

INADEQUATE RELIEF

The proposed injunctive relief is inadequate, unreasonable, and unfair to the Class. Defendants have agreed to settle this case in exchange for business practice changes that it has already made. As a result, no value has been provided to the Class as a result of this lawsuit or Class Counsel's actions.

A proposed class action on behalf of California, New York, and New Jersey residents against Defendants for false advertising is currently pending (e.g. Ackerman v. Coca-Cola Company et al. and other "non-settling actions" in Settlement Agreement). That case seeks monetary relief and compensatory damages in addition to injunctive relief. The terms of this settlement, however, raise the specter of a reverse auction.

1

Similar false advertising cases have been filed against Defendants around the country; however, only five jurisdictions are included in the settlement and the settlement provides injunctive relief as the sole form of class relief. Did Class Counsel confer with counsel in other jurisdictions regarding their claims against defendants in similar cases? Is the relief obtained in this settlement adequate considering the strength of Plaintiff's case? The Court should carefully examine the nature of the settlement and determine whether Defendants structured and acquired a poor settlement with weak parties—to the detriment of the Class and the public—in exchange for fees. Here, Class Counsel will receive far greater benefits than the entire class combined.

There is no provision as to how Class Counsel will monitor Defendants'; advertising which may give rise to future modifications of the injunction's terms. Changes in conditions may require future modifications to the injunctive terms; the settlement does not sufficiently account for monitoring Defendants' actions, and if necessary, expanding the injunctive relief.

## UNFAIR RELEASE

This Settlement carves out the residents of Florida, Ohio, Illinois, Missouri, and the US Virgin Islands and prohibits them from raising claims against Defendants that could have been raised in this action. Unfortunately, Class Members will end up releasing their claims against Defendants in exchange for no compensation. The Release bars Class Members from taking advantage of any future settlement providing injunctive, declaratory, or equitable relief against Defendants. Class Members should not be prohibited from taking advantage of such relief in the future.

## FEE AWARD

The result obtained in this settlement does not justify the requested fee award. Class Counsel requests $1.2 million. Defendants have agreed not to oppose Class Counsel's fee request. Despite the clear sailing provision in the settlement agreement, the Court should carefully scrutinize the fee request. Here, the result obtained for the Class consists of injunctive relief alone; however, Class Counsel has not valuated that benefit. Regardless, as stated above, whether from the perspective of Defendants or the Class, the value of the injunctive relief is de minimis; Defendant is not changing its practices and the Class could have obtained the same benefits had the lawsuit never been filed. As a result, the fee request has no basis upon which to justify the requested fee award and the Court should reject the fee request.

David Jay Ference