VIA CERTIFIED MAIL AND U.S. MAIL
Objections – Vitaminwater Notice Administrator
c/o ANGEION GROUP
1801 Market Street, Suite 660
Philadelphia, Pennsylvania 19103

Office of the Clerk
**SOUTHERN DISTRICT OF OHIO**
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

Richard S. Wayne
**STRAUSS TROY CO. LPA**
The Federal Reserve Building
150 East Fourth Street
Cincinnati, Ohio 45202-4018

Brian T. Giles
**STATMAN HARRIS & EYRICH LLC**
441 Vine Street, Suite 3700
Cincinnati, Ohio 45202

Shon Morgan
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017

Re: *Objection to Class Action Settlement*

*Volz v. The Coca-Cola Co.*, 1:10-cv-00879-MRB-SKB

Pursuant to paragraph 11 of the Order Granting Preliminary Approval to the Class Action Settlement (Dkt. 48)("Preliminary Order" or "Order") in the above-referenced action, I, Michael Neely, a resident of the State of Florida who purchased Vitaminwater during the Class Period, hereby object to the proposed settlement (Dkt. 39-1)("Settlement Agreement") as unfair, unreasonable, and in violation of several constitutional rights and protections as stated below. My telephone number is 941-705-1238 and my address is 6509 Gulf Drive, Holmes Beach, Florida 34217.

*I am represented by counsel listed below and I should only be contacted through my attorneys at their addresses below.*

I object to the settlement on the following grounds:

## A. THE SETTLEMENT VIOLATES CONSTITUTIONAL DUE PROCESS RIGHTS

Through the Settlement Agreement, and the Motion requesting Final Approval, Plaintiffs ask this Court to commit reversible error. Specifically, the Settlement Agreement violates basis due process for the following reason.

The Settlement Agreement states as follows:

## VI. RELEASE

40. Upon the Effective Date, the Releasing Parties forever release and discharge all injunctive, declaratory or *equitable Claims* that have been brought, could have been brought, are currently pending, or could have been brought in the future, by any Settlement Class member against Released Parties, in any forum in the United States (including their territories and Puerto Rico), whether known or unknown, asserted or unasserted, under or pursuant to any statute, regulation, or common law, that relate in any way to the distribution, sale, purchase, labeling, packaging, marketing, or advertising of the Products *and all equitable Claims for relief,* of whatever type or description arising out or that may have arisen as a result of, or relate in any way to any of the facts, acts, events, transactions, occurrences, courses of conduct, representations, omissions, circumstances or other matters referenced in any Claim raised (including, but not limited to, any Claim that was raised against any Defendants) in the Actions and/or Consolidated Class Action Complaint.

Here, the Settlement is only a mandatory settlement under Federal Civil Procedure Rule 23(b)(2) that provides no right to consumers to opt-out. It is not a Rule 23(b)(3) settlement that includes a right to opt-out. As such, a release of equitable claims (e.g. unjust enrichment, promissory estoppel, monies had and received, and similar claims)[1] without giving a consumer the right to opt-out of the settlement violates the Due Process rights of the United States Constitution. *See Wal-mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) (reversing district and appellate courts that included equitable money claims in a 23(b)(2) class that did not include right to opt-out). As stated by the United States Supreme Court:

---

[1] The United States Supreme Court repeatedly has recognized that equitable claims include claims that are for money. *See e.g. Alabama v. North Carolina*, 560 U.S. 330, 130 S.Ct. 2295 (2010)("Special master did not abuse his discretion by recommending to the Supreme Court the deferral of a ruling on defendant State's motion for summary judgment as to plaintiff States' equitable claims for unjust enrichment, promissory estoppel, and money had and received.") Indeed, the operative Amended Complaint in this action contains two claims for equitable relief – Count VIII for Unjust Enrichment and Count IX for Promissory Estoppel – that seek monetary relief. *See Amended Complaint*, (Dkt. 38) Count VII (Unjust Enrichment) ¶135 ("Plaintiffs and the Class are entitled to the amount of Defendants' wrongful gains, including interest, resulting from its unlawful, unjust and inequitable misconduct as described above"), Count IX (Promissory Estoppel), ¶142 ("Plaintiffs and the Class are entitled to compensatory damages, plus interest, attorneys' fees and costs."). The Settlement Agreement would release these equitable claims.

(b)(2) does not require that class members be given notice and opt-out rights, presumably because it is thought (rightly or wrongly) that notice has no purpose when the class is mandatory, and that depriving people of their right to sue in this manner complies with the Due Process Clause. In the context of a class action predominantly for money damages *we have held that absence of notice and opt-out violates due process.* While we have never held that to be so where the monetary claims do not predominate, the serious possibility that it may be so...

*Wal-mart*, 131 S. Ct. at 2559 (internal citation omitted).

Likewise, The United States Supreme Court held in *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985) that a class such as that proposed here violates due process without giving the class members the right to opt-out. As explained by the Supreme Court:

We hold that due process requires at a minimum that an absent plaintiff be provided with an opportunity to remove himself from the class by executing and returning an "opt out" or "request for exclusion" form to the court.

*Shutts* 472 U.S. at 811.

Indeed, in *Richardson v. L'Oreal USA, Inc.*, 991 F.Supp.2d 181 (D.D.C., 2013), the court rejected the same type of 23(b)(2) class action settlement proposed here and denied the Motion for Final Approval (despite granting the motion for preliminary approval). As explained by the court: "[u]nder *Shutts* and *Wal–Mart*, before giving up monetary claims, absent class members are entitled to a level of due process [namely, the right to opt-out] that is missing here." *Id.* at 202. See also, *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 530 (D.C.Cir.2006) ("If recovery of damages is at the heart of the complaint, individual class members must have a chance to opt out of the class and go at it alone—or not at all—without being bound by the class judgment.").[2]

Here, the settlement violates this Constitutional right of due process discussed in *Wal-mart*, *Shutts* and *Richardson*, because it does not provide class members the right to opt of the settlement, though, at the same time, releasing those class members' equitable claims (which include claims for monetary relief). Moreover, this constitutional right is so fundamental that granting final approval of this settlement is beyond the discretion of the Court, and would be reversible error subject to appellate review. Accordingly, the Court should reject the settlement and deny the Motion for Final Approval.

---

[2] In the Amended Complaint (Dkt. 38), 10 of the 11 counts seek damages or other monetary relief.

## B. THE SCOPE OF THE SETTLEMENT IS IMPERMISSIBLY VAGUE, AMBIGUOUS AND OVERLY BROAD.

The Settlement Agreement should also be rejected because it is overly broad, ambiguous and vague. Specifically, the Settlement Agreement states that the Settlement Class is as follows:

Section I: **DEFINTIONS**

  oo. "Settlement Class" or "Settlement Class Members" means the Class as defined in Section III below, comprised solely of the Settlement Classes.

Section III: **CERTIFICATION OF THE SETTLEMENT CLASS**

  27.a. ...The Settlement Class shall consist of the Following Five Settlement Subclasses:

(i)  **Florida Class:** All persons who purchased the Products in the State of Florida from January 1, 2003, up to and including the Notice Date.

(ii)  **Illinois Class:** All persons who purchased the Products in the State of Illinois from January 1, 2003, up to and including the Notice Date.

(iii)  **Missouri Class:** All persons who purchased the Products in the State of Missouri from January 1, 2003, up to and including the Notice Date.

(iv)  **Ohio Class:** All persons who purchased the Products in the State of Ohio from January 1, 2003, up to and including the Notice Date.

(v)  **Virgin Islands** All persons who purchased the Products in the Virgin Islands from January 1, 2003, up to and including the Notice Date.

The Preliminary Order adopts this Class definition on page 1 ("Capitalized terms shall have the meaning ascribed to them in the Definitions Section I of the Settlement Agreement"). However, on pages 2 and 3 of the Order, it includes a different class definition. *See Order* (Dkt. 48) section 3, 3.1. Hence, it is unclear what the Settlement Class is here. For instance, does it include: (A) persons who were former residents of Florida (or Ohio, Illinois, Missouri, or the Virgin Islands) who bought the Products in Florida (or Ohio, Illinois, Missouri, or the Virgin Islands) but do not currently reside there? That would be the case if the Settlement Class is as stated in the Settlement Agreement posted on the settlement website and on page 1 of the Preliminary Order. Or does it include: (B) persons who bought the Products in Florida (or Ohio, Illinois, Missouri, or the Virgin Islands), but were never residents of those states (such as, for example, a resident of Wisconsin who bought the Product while vacationing in Florida)? That would be the case if the Settlement Class is as stated in the Settlement Agreement posted on the settlement website and on page 1 of the Preliminary Order. Or, is the Settlement Class: (C) limited to only those persons who are now residents of Florida (or Ohio, Illinois, Missouri, or the Virgin Islands) who also purchased the Products in Florida (or Ohio, Illinois, Missouri, or the Virgin Islands). This is a very different (and much narrower) Settlement Class that scenarios A or B, as it only includes those persons of Florida (or Ohio, Illinois, Missouri, or the Virgin Islands) who are now current residents and who purchased the products in Florida (or Ohio, Illinois, Missouri, or the Virgin Islands).

## CONCLUSION

For the foregoing reasons, the Motion for Final Approval of the Settlement should be denied and the Settlement should be rejected.

Dated: October 27, 2014

Respectfully submitted,

Michael Neely

**REESE RICHMAN LLP**
Michael R. Reese
mreese@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**CENTER FOR SCIENCE IN THE PUBLIC INTEREST**
Stephen Gardner
sgardner@cspinet.org
Amanda Howell
ahowell@cspinet.org
5646 Milton Street, Suite 714
Dallas, Texas 75206
Telephone: (214) 827-2774
Facsimile: (214) 827-2787

*Counsel for Michael Neely*