UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID VOLZ, *et. al.*, | : | |
| | : | Case No: 1:10-cv-00879 |
| Plaintiffs, | : | (Judge Barrett) |
| | : | |
| v. | : | |
| | : | |
| THE COCA COLA COMPANY and | : | |
| ENERGY BRANDS, INC., | : | |
| | : | |
| Defendants. | : | |

## **PLAINTIFFS' RESPONSES TO OBJECTIONS**

Plaintiffs Dave Volz, Ahmed Khaleel, Nicholas Armada, Scott Cook, Stephanie Bridges and Juan Squiabro (collectively, "Plaintiffs"), by and through counsel, submit their Responses to the objections filed in response to the Settlement. The Settlement Class comprises all persons who are residents of the States of Florida, Illinois, Missouri, Ohio and the U.S. Virgin Islands who purchased Vitaminwater (the "Product") in that State or Territory from January 1, 2003 up to and including the first date the Class Notice was disseminated – a number believed to be in the hundreds of thousands. Despite the robust Notice Plan called for in the Preliminary Approval Order (Doc. #48)[1], there have been only seven objections made to the Settlement. As we demonstrate below, the Court should overrule all of the objections.

---

[1] The Notice Plan included: notice of the settlement that complies with the requirements of CAFA, establishing a class action website, distribution of a press release, a Facebook™ advertisement, internet banners announcing the Settlement, and publication of a summary notice in *USA Today* and the *Virgin Islands Daily*. None of the objections received raise any issue with regard to notice.

## I. THE OBJECTIONS TO THE SETTLEMENT ARE WITHOUT MERIT AND SHOULD BE OVERRULED

With respect to settlement objectors, the law is clear that "approval should not be denied 'merely because some class members object to it.'" *Enterprise Energy Corp.*, 137 F.R.D. 240, 246 (S.D. Ohio 1991). "An individual who objects, consequently, has a heavy burden of demonstrating that the [settlement] is unreasonable." *Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983). Objectors, alone, carry this burden of demonstrating "that the Settlement is unfair, inadequate or unreasonable." *Enterprise Energy*, 137 F.R.D. at 247. Courts are increasingly suspect of professional objectors. *O'Keefe v. Mercedes-Benz USA, LLC* (2003), 214 F.R.D. 266, 295 n.26 (E.D. Pa.).

There are a total of seven objections. Five objections were filed by individuals and two by attorneys. Four of the objections provide no arguments to demonstrate that the Settlement is unfair, inadequate or unreasonable. The three remaining objections argue that the Settlement is unfair, inadequate or unreasonable fail because they are based upon either: (i) a misconception of the Settlement; or (ii) an incorrect application of law. Only two objectors challenge Class Counsels' request for attorneys' fees. In the remainder of this Memorandum, we address each of the objections and will demonstrate that none of the objections establish that the Settlement is not fair, reasonable, or adequate to the Class as a whole.

### A. The "Non-Objections"

Four class members have submitted communications that fail set forth any legal or factual bases as to why the Settlement is not fair, reasonable, or adequate. As such, these "objections" fail as a matter of law. *Wilson v. Airborne, Inc.*, 2008 WL 3854963, *7-8 (C.D. Cal. 2008) (objection to class action settlement that does not object to the terms of the settlement should be overruled).

Frank Swobodzien's ("Swobodzien"), a putative member of the Florida Class, states that he "would like to add to the OBJECT list" but does not actually state an objection nor does he set forth any legal or factual bases as to why the Settlement is not fair, reasonable, or adequate. Swobodzien's communication to the Notice Agent states that: "I too was convinced the water was More Healthy and better for me. Its [sic] not about the money award I could or could not receive, but more about how the company made money on false claims." The Settlement directly addresses Swobodzien's concern in that the injunctive relief compels the correction of the allegedly false and misleading advertising, packaging and labeling. At any rate, because Swobodzien's objection fails to put forth any bases as to why the Settlement is not fair, reasonable or adequate, it should be overruled.

Marianne Larson ("Larson"), a putative member of the Illinois Class, objects to the Settlement on the basis that she considers these proceedings to be "grossly frivolous." Essentially, Ms. Larson's objection is that she disagrees with the underlying premise of the lawsuit—that consumers were allegedly misled about the marketing of the Product. According to Ms. Larson she is a big fan of the Product and consumers should read labels before purchasing any products. Ms. Larson's submission contains no objection to any terms or provisions of the Settlement. Instead, she vaguely objects to the legal premise of the claims alleged in the Consolidated Amended Complaint ("CAC") (Doc. #38). As a result, Ms. Larson has failed to demonstrate, in any way, why the Settlement is unfair, inadequate or unreasonable. *Wilson,* 2008 WL 3854963, *7-8 (objections that address the filing of the lawsuit or the objector's support for the defendant rather than the fairness or adequacy of a settlement are not proper objections).

Cathy Herrick ("Herrick"), a putative member of the Ohio Class and, like the Swobodzian and Larson objections, fails to include any objection to any term or provision of the Settlement. Instead, Herrick relates her belief as to the negative impact her consumption of the Product had on her personal medical situation. As such, her objection should be overruled. *Wilson*, 2008 WL 3854963, *7-8.

Jason Jones ("Jones"), a putative member of the Ohio Class, objects to "any settlement which does not require the Coca-Cola Co. to be more honest in the marketing and labeling of their sugar water beverage." As previously established, the Settlement, by enjoining Defendants from using the allegedly false and misleading advertising, packaging and labeling, directly addresses objectors' concerns about Defendants' on-going conduct with regard to the Product. At any rate, Jones' objection fails to put forth any bases as to why the Settlement is not fair, reasonable or adequate, it should be overruled. *Wilson v. Airborne, Inc.*, 2008 WL 3854963, *7-8 (C.D. Cal. 2008) (objection to class action settlement that does not object to the terms of the settlement should be overruled).

### B.      The McNeely Objection

Michael Neely ("Neely"), a putative member of the Florida Class, is represented in this action by Michael R. Reese and Stephen Gardner, Lead Counsel for Plaintiffs in *Ackerman v. Coca-Cola Company*, et al., 09CV395 (E.D.N.Y.), which is the MDL from which this case was remanded. Mr. Reese participated in the mediation in this case, but decided not to proceed with a settlement on behalf of the Class in the MDL consisting of New York and California residents. Therefore, the Settlement in this case is limited to the Class consisting of residents of Florida, Illinois, Missouri, Ohio and the U.S. Virgin Islands. Even though Messrs. Reese and Gardner are aware that the settlement of this case is limited to consumers who are residents of the States

of Florida, Illinois, Missouri, Ohio and the U.S. Virgin Islands, and purchased the product in those states, they claim that the Settlement: (i) violates due process; and (ii) contains a vague and confusing class definition. Neely first argues that the Settlement violates due process because it includes certification of a mandatory non-opt out class pursuant to Rule 23(b)(2). Neely's argument is contrary to law. "[C]ourts routinely certify mandatory non-opt-out classes under Rule 23(b)(2) in cases involving hybrid claims for injunctive relief and damages." *White v. Nat'l Football League*, 822 F. Supp. 1389, 1411 (D. Minn. 1993); *Probe,* 780 F.2d at 780; *Lloyd,* 121 F.R.D. at 251. Neely's reliance on *Phillips Petroleum Co. v. Shutts*, 472 U.S. 792, 812, 105 S.Ct. 2965, 86 L.Ed.2d 628 (1985), is erroneous. The holding of *Shutts* related to class actions where the claims were "wholly or predominately for money damages." *White*, 822 F.Supp. at 1410 citing *Shutts*, 472 U.S. at 811-12 & n.3, 105 S.Ct. at 2974-75 & n.3.

Neely cites *Wal-Mart Stores v. Dukes*, 131 S.Ct. 2541 (2011) to support his argument. The *Dukes* case held that: "[i]n the context of a class action ***predominately for money damages***, we have held that absence of notice and opt-out violates due process. *Id.* At 2559 (emphasis added). Neely's reliance on *Dukes* is misplaced because he misconstrues the present action as one predominately for money damages. The primary purpose of these actions was to compel Defendant: (i) to cease the allegedly misleading advertising and labeling; and (ii) to use accurate advertising and labeling in the future. Any claim for monetary relief is incidental to the injunctive relief sought—and obtained through the Settlement. In fact, the claims in the CAC are primarily for injunctive relief. *See* CAC. Thus, while Neely cites *Dukes* in an attempt to bolster his argument, *Dukes* actually eviscerates his position. Had the claims in the CAC been primarily for monetary relief, it would have been unlikely that a class would be certified. Absent class

5

certification, it would be unlikely that Plaintiffs would have obtained the injunctive relief set-forth in the Settlement.

Neely's final objection is that the Settlement is "overly broad, ambiguous and vague." Neely argues that the class definition contained in the Settlement Agreement and the Preliminary Order differ, creating uncertainty as to whom is in each Subclass. Neely refers to the definition of each Subclass in the Order Granting Preliminary Approval (Doc. #48) ("Preliminary Approval") and the Settlement Agreement. As Messrs. Reese and Gardner are aware, between the time the Settlement Agreement was executed and Preliminary Approval was entered by the Court, the class definition contained in the Settlement Agreement was corrected to avoid any overlap between these cases and the *Ackerman* cases in the MDL. Neely's objection on this basis is notable because the change in the class definition occurred as a direct result of a request by Neely's counsel to make this precise change. Regardless, a Notice of Correction to Settlement Agreement and Release agreed to by the parties to this case was filed with the Court (Doc. #43) ("Notice of Correction"). The Notice of Correction filed with the Court contains the identical class definitions contained in the Preliminary Approval. Accordingly, the class definition is not vague or ambiguous.

### C. The Henry and Cochran Objections

Bradley Henry ("Henry"), a putative member of the Illinois Class, and Wanda Cochran ("Cochran"), a putative member of the Ohio Class, is represented by counsel, George W. Cochran, who is an experienced objector to class action settlements. *See Gemelas v. The Dannon Co., Inc.*, 08-CV-00236 (N.D. Ohio) (Doc. #60); *Poertner v. The Gillette Company,* 12-CV-00803 (M.D. Fla.) (Doc. #140).

6

They object to the Settlement, arguing that: (i) the Settlement provides no monetary compensation; and (ii) the requested legal fees are unreasonable. Henry and Cochran argue that the Settlement is not fair, adequate or reasonable because Class members cannot opt-out and the Settlement Agreement extinguishes all equitable claims of the Class, which will preclude the future recovery of monetary damages. This argument is fallacious. The claims in the CAC are primarily for injunctive relief and the release does not extinguish any damage claims.[2] The primary claims for monetary relief were removed from the CAC. As a result, the inability of Class members to opt-out will not impair the rights of Class members to pursue a future claim for damages individually, or as part of another class.

If Cochran believes a claim for monetary relief is meritorious and should be pursued against Defendants, she is free to pursue this claim individually, or on behalf of a putative class of Ohio consumers. Cochran has in the past filed a class action seeking monetary relief based upon Ohio law, *Cochran v. Six Flags, Inc.*, Portage Co. Case No. 2001 CV 00646 and, as indicated above, has objected to class actions settlements. Accordingly, due to the fact that: (i) the Settlement does not release claims for monetary relief, and (ii) Cochran is an experienced class action participant and can pursue claims for monetary relief, this objection should be overruled.

Finally, with respect to their objection to Class Counsels' request for attorneys' fees, since the Settlement provides injunctive relief consistent with the relief sought in the CAC and counsel are only seeking sixty-three percent (63%) of the value of the time they have in the case, the requested fee is fair and reasonable and should be awarded by the Court.

---

[2] *See* Response to Neely Objection, p.4.

### D. The Ference Objection

David Ference ("Ference"), a putative member of the Ohio Class, objects on the basis of: (i) inadequate relief; (ii) unfair release; and (iii) to the requested fee award. Ference argues that the Settlement provides inadequate relief because *Ackerman v. Coca-Cola Company,* 09CV395 (E.D.N.Y.) seeks monetary relief, which creates the prospect of a reverse auction. First, there is a substantial likelihood that the claims for monetary relief in *Ackerman* will not proceed on a class-wide basis. *See Ackerman v. Coca-Cola Company*, 2013 WL 7044866 (E.D.N.Y., July 18, 2013) (report and recommendation that claims proceed under Rule 23(b)(2) for injunctive relief only). Second, Ference's argument relating to a "reverse auction" is baseless. "A reverse auction is said to occur when 'the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant'." *Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1099 (9th Cir. 2008), citing *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002). The Settlement in this case will not preclude the settlement of the claims in *Ackerman* or any other cases not covered by the Settlement Agreement. With respect to Class Counsels' request for attorneys' fees, as demonstrated in the Motion of Class Counsel for Attorneys' Fees and Costs (Dkt. #17), Counsel obtained significant injunctive relief for the Class and the fees sought are less than the value of the time they worked on this case.

## II. CONCLUSION

Because the objections fail to demonstrate that the Settlement is unfair, unreasonable or inadequate, each should be overruled. Accordingly, Plaintiffs' respectfully request that the Court enter a Final Order approving the Settlement and approving Class Counsels' request for attorneys' fees and costs.

November 21, 2014

Respectfully submitted,

STRAUSS TROY

/s/ Richard S. Wayne
Richard S. Wayne (0022390)
Joseph J. Braun (0069757)
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: *rswayne@strausstroy.com*
E-mail: *jjbraun@strausstroy.com*

/s/ Brian T. Giles
Brian T. Giles (0072806)
Statman, Harris & Eyrich LLC
441 Vine Street, Suite 3700
Cincinnati, Ohio 45202-4018
(513) 621-2666 – Telephone
(513) 621-4896 – Facsimile
E-mail: *bgiles@statmanharris.com*

***Lead Class Counsel***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 21st day of November 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 21st day of November 2014.

| | |
|---|---|
| Frank Swobodzien<br>1522 Balmy Beach Dr.<br>Apopka, FL 32703 | Daniel J. Ferrence<br>3920 Red Oak Rd.<br>Oregonia, OH 45054 |
| Marianne Larson<br>16 Sundowner Ln.<br>Springfield, IL 62711 | Jason M. Jones<br>1147 Hunter Ave.<br>Columbus, OH 43201 |
| Cathy K. Herrick<br>4 Hathaway Commons Dr.<br>Lebanon, OH 45036 | |

                                                  /s/ Richard S. Wayne<br>                                                  Richard S. Wayne (0022390)

045688.943.3841986_2.docx