**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID VOLZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 1:10-cv-00879-MRB<br><br><br><br>Judge Michael R. Barrett<br><br>Magistrate Judge Stephanie K. Bowman |

**DEFENDANTS' JOINDER IN SUPPORT OF PLAINTIFFS' RESPONSES TO OBJECTIONS**

Defendants The Coca-Cola Company and Energy Brands, Inc., join in Plaintiffs' Responses To Objections, filed on November 21, 2014. (Dkt. 61.) Defendants provide further support for two points in Plaintiffs' submission: (i) the Settlement appropriately provides only injunctive relief only under Rule 23(b)(2); and (ii) the Settlement's injunctive provisions fully address any supposed basis for consumer misunderstanding alleged in the Consolidated Amended Class Action Complaint ("CAC") (Dkt. 38).

## I. SETTLEMENT IS APPROPRIATELY LIMITED TO INJUNCTIVE RELIEF

The Preliminary Approval Order conditionally certified a class under Rule 23(b)(2) for injunctive relief only (Dkt. 48), as the Settlement Agreement provides (Dkt. 39-1, ¶ 39). There are multiple reasons an injunctive relief class is the prudent and correct course for this settlement.

*First*, the only judge to have considered class certification in the MDL'd vitaminwater class actions recommended denying class certification as to any form of monetary relief. In *Ackerman v. The Coca-Cola Company*, No. 09 CV 395 (E.D.N.Y.), which was brought on behalf of New York and California purchasers, Magistrate Judge Robert Levy issued a 52-page report

and recommendation that thoroughly considered the issues, including the propriety of a damages class.[1] *See Ackerman*, 2013 WL 7044866 (E.D.N.Y. July 18, 2013). Magistrate Judge Levy determined that differences in the existence and extent of any harm among proposed class members precluded certification as to any form of monetary relief, including restitution and disgorgement, under either Rule 23(b)(2) or 23(b)(3). R&R 21, 38-39 & n.28, 45 & n.32, 49. Significantly, the plaintiffs in *Ackerman* (whose counsel also represent an objector here) did not challenge the determination that no class for monetary relief should be certified.[2]

Magistrate Judge Levy's recommendation against certifying a monetary relief class makes sense because individual issues would predominate in any attempt to determine damages. As Judge Levy stated, proof of "loss causation," and plaintiffs' damages theory that class members paid a premium for vitaminwater over another beverage, "would not be susceptible to generalized proof." R&R 42-43. Individualized inquiries would be necessary regarding, among other things, which of the allegedly misleading twelve marketing statements each consumer saw, when they saw them, whether they relied on them, the flavors purchased and reasons for purchase, knowledge and materiality of sugar content; and what price they paid. Magistrate Judge Levy pointed out that plaintiffs had failed to provide expert testimony or to propose a "suitable methodology or formula for establishing causation and injury on a class-wide basis."

[1] Magistrate Judge Levy initially considered motions for class certification from the plaintiffs named in the CAC (except Bridges) as well as those in New York and California (Dkt. 70, 11-md-02215 (E.D.N.Y.)). The latter group is represented by Michael R. Reese and Stephen Gardner, who represent before this Court purported objector Michael Neely, a putative member of the Florida Class, Dkt. 59. Judge Levy issued the recommendation following class discovery, discovery of defendants' four experts (plaintiffs did not proffer any experts), and certification briefing.

[2] Defendants have objected to Judge Levy's recommendation that certification be granted as to possible injunctive relief. The *Ackerman* court has not issued any final decision.

*Id*. at 44, 47 n.34 (citing unrebutted expert testimony that vitaminwater's price has varied widely based on, *inter alia*, place, time, and method of sale).

*Second*, Magistrate Judge Levy's decision accords with prevailing law. The individual nature of damages has become an increasingly dispositive issue in class certification decisions since *Comcast v. Behrend*, 133 S. Ct. 1426 (2013), in which the Supreme Court mandated a "rigorous analysis" of damages and reversed a decision granting certification because the plaintiff failed to present a coherent classwide theory of damages. *Id.* at 1433. Courts regularly deny certification on this basis. *See, e.g.*, *Phillips v. Philip Morris Co.*, No. 10cv01741, 2014 WL 809005, at *12 & n.20 (N.D. Ohio Feb. 28, 2014) (denying certification of cigarette purchaser class because "individual issues as to liability, proximate cause, and injury abound" and "smokers who purchased light cigarettes for reasons other than [the representations], received exactly what they believed they were purchasing"); *Weiner v. Snapple Beverage Corp.*, No. 07cv8742, 2010 WL 3119452 at *6 (S.D.N.Y. Aug. 5, 2010) (denying certification of Snapple purchasers "[b]ecause individualized inquiries as to causation, injury, and damages for each of the millions of putative class members … predominate"); *Ginsburg v. Comcast Cable Commc'ns Mgmt. LLC*, C11-1959RAJ, slip op. at 7 (W.D. Wash. Apr. 17, 2013) (denying class certification where plaintiffs offered "no manageable way to calculate damages"); *Cullen v. State Farm Mut. Auto. Ins. Co.*, 999 N.E.2d 614, 626 (Ohio 2013) (denying consumer class certification in light of "[s]ignificant individual questions" concerning plaintiffs' alleged injuries and defendant's purported "liability to any given class member").

*Third*, efforts at class certification for monetary relief are increasingly vulnerable to challenges based on a lack of ascertainability, particularly with respect to claims such as these involving largely undocumented purchases of low-cost consumables. In such circumstances, no

method exists to verify who purchased the product, in what quantities, at what price, and in reliance on what representations. The focus on ascertainability has grown since the Third Circuit held in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), that a class is not ascertainable where class membership cannot be determined from sales records or receipts. Following *Carrera*, courts have rejected certification where, as here, no records exist of class membership. *See, e.g.*, *Langendorf v. Skinnygirl Cocktails*, *LLC*, No. 11-cv-07060, 2014 WL 5487670 (N.D. Ill. Oct. 30, 2014) (denying certification because plaintiff did not offer any method to ascertain purchasers of a Margarita product not directly from defendant, but from retailers); *Algarin v. Maybelline*, *LLC*, 300 F.R.D. 444 (S.D. Cal. May 12, 2014) (denying certification of class of purchasers of make-up because, *inter alia*, it was not administratively feasible to determine who was in the class); *Sethavanish v. ZonePerfect Nutrition Co.*, No. 12-cv-2907, 2014 WL 580696 (N.D. Cal. Feb. 13, 2014) (denying certification where there was no accurate way to determine who had purchased nutrition bars); *Karhu v. Vital Pharm, Inc.*, No. 13-cv-2907, 2014 WL 815253 (S.D. Fla. Mar. 3, 2014) (denying certification where defendant did not have a record of individuals who purchased dietary supplement).

Finally, approval of injunctive relief-only classes is commonly granted where, as here, class members are not releasing damages claims. *See, e.g.*, *Claridge v. Rockyou, Inc.*, No. 09-cv-6032, Dkt. 55, at 5-6 (N.D. Cal. Dec. 15, 2011) (releasing non-monetary claims), Dkt. 58 (Mar. 28, 2012) (final approval order); *Red v. Unilever United States, Inc.*, No. 10-cv-387, Dkt. 153 (N.D. Cal. June 6, 2011) (releasing claims other than those for bodily injury), Dkt. 163 (June 21, 2011) (final approval order); *Hohman v. Matrixx Initiatives, Inc.*, No. 09-cv-3693, Dkt. 81 at 4-5 (N.D. Ill. May 26, 2011) (same), Dkt. 85 (June 7, 2011) (final approval order).

## II. THE INJUNCTIVE RELIEF PROVISIONS ADDRESS SUBSTANTIALLY ALL OF THE ALLEGED WRONGS

The CAC proffers twelve alleged misstatements as the basis for the claims. (Dkt. 38, ¶¶ 3-18). The injunctive relief provisions of the Settlement Agreement (Dkt. 39-1, ¶ 39) require meaningful labeling and marketing changes targeted to eliminate those specific sources of alleged confusion. These changes address the concerns of several objectors, such as Jason Jones, who purports to object to "any settlement which does not require the Coca-Cola Co. to be more honest in the marketing and labeling of their sugar water beverage." Dkt. 54. Defendants have agreed to discontinue using nine of the twelve originally-challenged statements. *See* Settlement Agreement ¶ 39 (Defendants agree, *inter alia*, not to use statements including "vitamins + water = what's in your hand"; "healthy as a horse"; and certain statements about the effect of vitaminwater on the structure and function of the body). Additionally, vitaminwater bottles now feature a prominent calorie disclosure on the principal display panel, which should clarify any confusion supposedly caused by the remaining challenged statements. And further driving the calorie point home, vitaminwater zero, a sugar-free no-calorie beverage, is now sold alongside the vitaminwater beverages at issue, providing a direct comparison for consumers at the point of purchase.

By prohibiting nine of the challenged statements and further clarifying vitaminwater's ingredient and nutritional characteristics, the Settlement fully and fairly eliminates any arguable source of purported consumer confusion. That these robust injunctive provisions might prevent Messrs. Reese and Gardner from obtaining further meaningful relief in their New York action (after they elected not to participate in this Settlement) provides no reason to delay or prevent implementation of this Settlement, which the Court has already deemed substantively fair.

Respectfully submitted,

DATED: November 21, 2014

By /s/ Thomas H. Stewart

Thomas H. Stewart (0059246)
Blank Rome LLP
201 East Fifth Street, Suite 1700
Cincinnati, OH 45202
Phone: 513-362-8704
Fax: 513-362-8787
Email: Stewart@BlankRome.com

By/s/ Shon Morgan

Shon Morgan
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000 – Telephone
(213) 443-3100 – Facsimile
E-mail: shonmorgan@quinnemanuel.com

*Counsel for Defendants*
*The Coca-Cola Company and Energy Brands Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2014 a copy of the foregoing has been filed electronically via the Clerk's CM/ECF system, which will send notice to all parties by operation of the Court's electronic filing system, and has been sent by United States mail to:

Frank Swobodzien
1522 Balmy Beach Dr.
Apopka, FL 32703

Daniel J. Ferrence
3920 Red Oak Rd.
Oregonia, OH 45054

Marianne Larson
16 Sundowner Ln.
Springfield, IL 62711

Jason M. Jones
1147 Hunter Ave.
Columbus, OH 43201

Cathy K. Herrick
4 Hathaway Commons Dr.
Lebanon, OH 45036

*/s/* Thomas Stewart