UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
(WESTERN DIVISION)

| | |
|---|---|
| DAVE VOLZ, AHMED KHALEEL, NICHOLAS ARMADA, SCOTT COOK, STEPHANIE BRIDGES and JUAN SQUIABRO, Individually and on Behalf of Those Others Similarly Situated, | Civil Action No. 1:10-cv-00879<br><br>(Judge Michael R. Barrett) |
| Plaintiffs, | |
| vs. | |
| THE COCA-COLA COMPANY and ENERGY BRANDS INC. (d/b/a GLACEAU) | |
| Defendants. | |

**PLAINTIFFS' MEMORANDUM IN RESPONSE TO BRIEF OF *AMICUS CURIAE* TRUTH IN ADVERTISING, INC. IN OPPOSITION TO PROPOSED SETTLEMENT**

Plaintiffs Dave Volz, Ahmed Khaleel, Nicholas Armada, Scott Cook, Stephanie Bridges and Juan Squiabro (collectively, "Plaintiffs"), by and through counsel, submit this Memorandum in Response to Brief of *Amicus Curiae* Truth in Advertising, Inc. ("TINA") in Opposition to Proposed Settlement. The Court should reject TINA's opposition to the settlement because: (i) the settlement provides meaningful injunctive relief to the Class; and (ii) the settlement is fair, adequate and reasonable to the class as a whole.[1]

---

[1] TINA is not a class member. Like any objector to a class action settlement, TINA bears the burden of demonstrating "that the Settlement is unfair, inadequate or unreasonable." *Enterprise Energy*, 137 F.R.D. at 247. However, because TINA is not a class member, it lacks standing to object to the Settlement and Plaintiffs demonstrated in the arguments raised in its opposition to TINA's Motion for leave to file an *Amicus Curiae* brief (Doc. 53), the Court can overrule TINA's objection on lack of standing alone.

**I.     The Settlement does significantly alter Defendants' marketing practices and provides meaningful injunctive relief to the Class.**

TINA's primary argument is that the "parties' proposed settlement will not materially alter any of defendants' deceptive marketing tactics as alleged in plaintiffs' complaint nor reimburse the class for its reliance on these false advertising claims in purchasing Vitaminwater." [Doc.49-2-2]. TINA's arguments are incorrect. First, the assumption that marketing statements such as "nutrient enhanced water beverage" are in fact false because Vitaminwater contains sugar is illogical. All parties, including Defendants, agree that Vitaminwater contains vitamins, water and sugar. TINA acknowledges that Vitaminwater contains nutrients, but adds that it doesn't think enough nutrients. This case has never been about how Defendants' formulate Vitaminwater; rather, the case is about Defendants' disclosures to consumers that Vitaminwater contains ingredients other than Vitamins + Water (as Defendants' marketing states), which is addressed by the Settlement.

Second, consistent with the allegations in the Consolidated Amended Complaint [Doc. 38], Plaintiffs' Settlement provides a significant benefit to the Class. Defendants have agreed to numerous changes in their marketing practices, including stating the amount of calories per bottle on the Principal Display Panel of the Product. This important change will alert interested consumers to the fact that Vitaminwater isn't just Vitamins + Water, but contains other ingredients, which consumers can find more information about on the Principal Display Panel of the Product.

TINA also complains about Defendants' marketing practices which have been discontinued as a result of this litigation. TINA asserts that Defendants' marketing changes are illusory because they have already stopped using them. [Doc.49-2-4]. TINA's argument overlooks the fact that Plaintiffs' lawsuit was a direct cause of changes in Defendants' marketing practices (many of Defendants' marketing changes occurred after Plaintiffs' cases were filed) and, as a result of the

Settlement, Defendants have now formally agreed to an injunction to discontinue these statements.[2] This does not diminish the significant results achieved by Plaintiffs in this litigation.

## II. The Settlement is fair, adequate and reasonable despite TINA's argument regarding lack of monetary relief to the class and class counsels' attorneys' fees.

TINA's second argument is that the Settlement provides no monetary relief to consumers, released equitable claims and provides for the payment of $1.2 million in attorneys fees to class counsel, subject to the approval of the Court, which makes it unfair, inadequate and unreasonable.[3] TINA relies primarily on the *In re: Dry Max Pampers Litigation* for this argument. This argument fails for several reasons.

First, the class was certified under Fed.R.Civ.P. 23(b)(2) and, therefore, monetary relief cannot be the predominant remedy afforded to class members. [Doc. 48, p. 2] The Advisory Committee Notes on Rule 23 state that class certification under (b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or *predominantly* to money damages." Rule 23(b)(2) "is designed simply to facilitate class actions in which injunctive relief plays a central role." *U.S. v. Trucking Emp., Inc.*, 75 F.R.D. 682, 692 (D.D.C. 1977). "Limiting the different categories of class actions to specific kinds of relief clearly reflects a concern for how the interests of class members will vary, depending upon the nature of the class injury alleged and the nature of the relief sought." *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 412 (5th Cir. 1998). "The underlying premise of the (b)(2) class—that its members suffer from a common injury properly addressed by class-wide relief—begins to break down when the class seeks to recover…monetary relief." *Id.* at 413.

---

[2] TINA also complains that the injunction against using such marketing practices is only for ten years. However, as counsel discussed with the Court at the December 2, 2014 fairness hearing, an evergreen injunction against marketing practices is impractical and not the norm. Rather, ten years is on the long side of injunctions in consumer cases involving deceptive labeling and marketing practices.

[3] At the December 2nd hearing, TINA's counsel indicated on the record that TINA did not object to the amount of class counsels' requested fee.

Second, TINA's brief does not advocate for a particular amount of monetary relief to be afforded to the class members, but simply condemns the fees and expenses requested by plaintiffs' counsel as "disparate treatment." [Doc. 49-2-7]. This argument is misplaced because the relief obtained is significant and appropriate under Rule 23(b)(2), and the fees and expenses requested are only sixty-three percent (63%) of the time Plaintiffs' counsel incurred in litigating this case. This does not equate to disparate treatment. Also, to reiterate, TINA's counsel indicated that he did not believe that the fees requested were unreasonable given the nature and duration of the case.

Third, the Settlement provides for injunctive relief only and the release does not extinguish any damage claims of the class. The primary claims for monetary relief were removed from the Consolidated Amended Complaint.[4] As a result, the inability of class members to opt-out will not impair the rights of class members to pursue a claim for damages individually, or as part of another class. If TINA was a class member (which it is not) and it believed a claim for monetary relief is meritorious and should be pursued against Defendants, it could pursue that claim individually, or on behalf of a putative class of consumers in Ohio, Florida, Illinois, Missouri and the U.S. Virgin Islands. TINA's belief that no consumer will pursue such a claim is not a basis for objection because this position is based upon mere speculation and conjecture.

Fourth, the cases cited by TINA in support of its argument that the Settlement is unfair to class members are not on point. See *Telectronics Pacing Systems, Inc.*, 221 F.3d 870 (6th Cir. 2000), which concerned a mandatory limited final settlement under 23(b)(1) for defective pacemakers implanted in 40,000 individual patients; and *Vassalle v. Midland Funding LLC*, 708 F.3d 747 (6th Cir. 2013), which involved debts of thousands of dollars, and the award per class member ($17) and

---

[4] TINA complains that the Settlement only involves one of a number of claims brought by Plaintiffs in their complaint. This is a red herring. The terms of the Settlement simply don't change by virtue of it involving more claims. Only agreement on relief as to one claim is needed for settlement purposes, and there is nothing unfair or unreasonable in doing so.

the injunction was only perfunctory. By contrast, this is a (b)(2) settlement and provides injunctive relief that addresses the issues alleged in the Consolidated Amended Complaint.

Finally, TINA cites *In re: Dry Max Pampers Litigation* for the proposition that the injunctive relief outlined in the Settlement is inadequate. The *Pampers* case is not a relevant comparison to this case. Initially, in *Pampers*, the parties began discussing settlement prior to any discovery being conducted and before plaintiffs responded to P&G's motion to dismiss. Here, by contrast, Defendants' motion to dismiss was denied and the parties conducted both paper discovery and deposition discovery (i.e., of four experts). Additionally, each Plaintiff was deposed, the class certification motion was fully briefed and a class certification hearing was conducted in the MDL proceedings, which resulted in a report and recommendation of certification of a (b)(2) only class and a recommendation of denial of a monetary damage class as to the New York and California classes. The remaining cases were remanded to the various transferor courts, where additional class certification briefing occurred, and all of these cases were finally concluded and settled in this Court.[5]

Another important aspect in the *Pampers* decision was the "one-box refund program" which the Sixth Circuit found to be of no value. No such term is present in this Settlement, and more importantly, in this case unnamed class members and named class members are treated identically, which did not happen in the *Pampers* case. Also, the labeling and website changes were found not to provide relief in the *Pampers* case. The Pampers box label was changed to read: "For more information on common diapering questions such as choosing the right Pampers product for your baby, preventing diaper leaks, diaper rash, and potty training, please consult Pampers.com or call 1-800-Pampers." The Sixth Circuit found this to be little more than an advertisement for Pampers. By

---

[5] Another important distinction is the fact that the District Court acted as mediator in the present case which did not occur in the *Pampers* litigation. This supports a finding that this is an arms-length settlement.

contrast, the settlement in this case provides for significant marketing changes, including a statement of the amount of calories per bottle on the Principal Display Panel of the product. The significant changes in the disclosures in the settlement of this case will alert consumers to the fact that Vitaminwater isn't just Vitamins + Water, but contains other ingredients.

Finally, while in the *Pampers* case the settlement barred class members from ever filing a class action against Pampers, that is not a condition in this case; and, unlike *Pampers*, the injunctive relief in this case was specifically tailored to address the majority of misrepresentations alleged in the Consolidated Amended Complaint.

## **CONCLUSION**

For the foregoing reasons, as well as the reasons stated in Plaintiffs' prior filings in support of the Settlement, Plaintiffs respectfully request that the Court overrule TINA'S opposition to the proposed settlement and approve the settlement, which provides meaningful injunctive relief to the class and is adequate, fair and reasonable to the class as a whole.

Respectfully submitted,

STRAUSS TROY

/s/ Richard S. Wayne
Richard S. Wayne (0022390)
Joseph J. Braun (0069757)
150 E. Fourth Street
Cincinnati, Ohio 45202-4018
(513) 621-2120 – Telephone
(513) 629-9426 – Facsimile
E-mail: *rswayne@strausstroy.com*
E-mail: *jjbraun@strausstroy.com*

/s/ Brian T. Giles
Brian T. Giles (0072806)
Statman, Harris & Eyrich LLC
441 Vine Street, Suite 3700
Cincinnati, Ohio 45202-4018
(513) 621-2666 – Telephone
(513) 621-4896 – Facsimile
E-mail: *bgiles@statmanharris.com*

*Plaintiffs' Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court this 12th day of December 2014. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. If a party is not given notice electronically through the Court's system a copy will be served by ordinary United States mail, first class postage prepaid, this 12th day of December 2014.

/s/ Richard S. Wayne
Richard S. Wayne (0022390)