# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DAVID VOLZ, et al.                              CASE NO: 1:10cv879

       Plaintiffs,

  -vs-                                        Michael R. Barrett, Judge

THE COCA COLA COMPANY and
ENERGY BRANDS, INC.

       Defendants

## FINAL APPROVAL ORDER AND JUDGMENT OF DISMISSAL WITH PREJUDICE

This matter came on for final approval for Class Certification, Approval of the Settlement Agreement (Doc. 50); Motion for Leave to File Brief as Amicus Curiae In Opposition to Proposed Settlement by Interested Party Truth In Advertising, Inc. (Doc. 49); Response in Opposition to Motion for Leave to File Brief as Amicus Curiae In Opposition to Proposed Settlement by Interested Party Truth In Advertising, Inc. (Doc. 53); and Notices of Objection to Settlement. (Docs. 54, 55, 56, 57, 58, 59).

Plaintiffs Dave Volz, Ahmed Khaleel, Nicholas Armada, Scott Cook, Stephanie Bridges and Juan Squiabro (collectively "Plaintiffs" or "Class Representatives") and Defendants The Coca Cola Company and Energy Brands, Inc. (d/b/a "Glaceau") ("Defendants") have reached a proposed settlement of the disputes between them in the above-captioned action, embodied in a Settlement Agreement and Release (the "Settlement Agreement") dated July 31, 2014 and filed with the Court. (Doc. 39-1).

Plaintiffs have moved, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), for a final judgment certifying the class solely for purposes of settlement and

pursuant to Fed. R. Civ. P. 23(e) for a final judgment approving the settlement of this Action as set forth in the Settlement Agreement. "The Court must be assured that the settlement secures an adequate advantage for the Class in return for the surrender of litigation rights against the defendants." *In Re Katrina Canal Breaches Litigation*, 628 F.3d 185, 195 (5th Cir. 2010); *see also In Re Dry Max Pampers Litigation*, 724 F.3d 713, 719 (6th Cir. 2013).

On September 24, 2014, after holding a hearing on preliminary approval, the Court conditionally certified a settlement class in the above-captioned action and preliminary approved the settlement of this Action as set forth in Settlement Agreement.[1]

Notice of the settlement was disseminated in the manner and via forms approved by the Court, including a Long Form Notice and Publication Notice. In particular:

A. On August 15, 2014, a notice that meets the requirements the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715 was served on the relevant state and federal authorities;

B. The Publication Notice was published on October 6, 2014 in the USA Today and in the Virgin Islands Daily News on October 10 and October 13, 2014;

C. On October 3, 2014, the Class Settlement Website containing the Preliminary Approval Order; the Long Form Notice; the Publication Notice, the Settlement Agreement, and other documents relevant to the Settlement Agreement went live; and

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Settlement Agreement.

D. On October 5, 2014, the Facebook campaign went live and the internet banner ads went live on October 7, 2014.

On December 2, 2014, a final approval hearing ("Final Hearing") was held before this Court, at which all Parties were represented, including counsel on behalf of Interested Party, Truth In Advertising. The Court has reviewed all properly filed written objections and heard argument from the Parties' counsel.

The parties litigated this action for more than three years. The litigation included much discovery and several lengthy settlement conferences with this Court. There are presently proposed five settlement subclasses, including Florida, Illinois, Missouri, Ohio and the United States Virgin Islands. Other potential state subclasses who did not join this settlement, *i.e.*, New York and California, and Truth In Advertising, Inc. have filed their *Amicus* brief opposing the settlement. (Motion for Leave to File as *Amicus Curiae* In Opposition to Proposed Settlement by Interested Party, Doc. 49, Exh. 2).

Truth In Advertising, Inc. complains about the recovery of attorneys' fees in a settlement that does not provide monetary relief for individual class members. They further claim that the injunctive relief has no "practical" value. (Brief of *Amicus Curiae*, Doc. 49, Exh. 2, p.2). The gravamen of Truth In Advertising's argument is that portraying Vitamin Water as a healthy alternative to soft drinks, at a premium price, is false and deceptive. They claim that the sugar content alone dispels any possible claim for the Vitamin Water having a health benefit. Further, Truth In Advertising claims that the injunctive relief will not benefit class members who have already been misled by representations. However, this settlement provides significant disclosures in the form of labeling to consumers regarding the Vitamin Water ingredients including the

amount of calories per bottle. Additionally, as a result of the lawsuit itself, the Defendant changed marketing practices which in and of itself, achieved some of the stated goals of the underlying complaint.

In addition to the *Amicus* brief, the Court reviewed the Objections from Frank Swobodzien of the Florida class, Marianne Larson of the Illinois class, Cathy Herrick of the Ohio class, and Jason Jones of the Ohio class. These objections are of a general nature and lack a sufficient factual or legal basis. Michael Neely of Florida argues that class definition creates uncertainty as to the subclass members, however, the class definition, in the settlement, was modified from an earlier definition so as to not overlap with the New York or California cases, and is neither overbroad or vague.

The Court also reviewed the objections of Bradley Henry, Illinois, and Wanda Cochran, Ohio, who object to the lack of monetary compensation as well as attorneys' fees. However, this settlement is for injunctive relief and monetary claims are not released in accordance with its terms. Attorneys' fees are addressed separately.

The Court has reviewed the objections of David Ference, Ohio, who is concerned with the potential effect of this case on other pending litigation. However, this settlement does not bar the pursuit of claims in the non-participating cases.

Federal Rule of Civil Procedure Rule 23(b) "is designed simply to facilitate class actions in which injunctive relief plays a central role." *U.S. v. Trucking EMP., Inc.*, 75 F.R.D. 682, 692 (D.D.C. 1977). Because the primary claims for monetary relief were removed from the consolidated amended complaint, damage claims of class members are not extinguished. When comparing the benefit to class members, *i.e.*, clear labeling

practices versus the likelihood of success on the merits, this settlement obtains a significant benefit for the members.

The Court having considered the foregoing objections and *Amicus* brief submitted in connection with the Final Hearing and otherwise being fully informed, **OVERRULES** said objections and concludes that substantial and sufficient grounds exist for entering the Final Approval Order and Judgment. Accordingly, the Motion for Class Certification, Approval of the Settlement Agreement (Doc. 50) is **GRANTED**.

THEREFORE, THIS COURT FINDS and ORDERS as follows:

1. The Settlement Agreement, including any attachments thereto, is expressly incorporated by reference into this Final Approval Order and Judgment and made a part hereof for all purposes.
2. The Court has personal jurisdiction over the Parties and all Settlement Class Members and has subject matter jurisdiction over this Action.
3. Solely for the purpose of settlement, in accordance with the Settlement Agreement, the Court finds and concludes that the prerequisites to an injunctive-relief class action, as identified in Fed. R. Civ. P. 23(a) and 23(b)(2) are satisfied, and the Court hereby certifies the following Settlement Classes, pursuant to Fed. R. Civ. P. 23(b)(2):
    a. Florida Class: All persons who are residents of the State of Florida who purchased the Product in the State of Florida from January 1, 2003, up to and including the Notice Date.

b. Illinois Class: All persons who are residents of the State of Illinois who purchased the Product in the State of Illinois from January 1, 2003, up to and including the Notice Date.

c. Missouri Class: All persons who are residents of the State of Missouri who purchased the Product in the State of Missouri from January 1, 2003, up to and including the Notice Date.

d. Ohio Class: All persons who are residents of the State of Ohio who purchased the Product in the State of Ohio from January 1, 2003, up to and including the Notice Date.

e. U.S. Virgin Islands Class: All persons who are residents of the U.S. Virgin Islands who purchased the Product in the U.S. Virgin Islands from January 1, 2003, up to and including the Notice Date.

4. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court finds as to the class that:

a. The Settlement Class Members are so numerous that joinder of all such Settlement Class Members is impracticable;

b. There are questions of law and fact common to the Settlement Class;

c. Plaintiffs' claims are typical of the claims of the Settlement Class;

d. Plaintiffs and Class Counsel have fairly and adequately protected and represented the interests of the Class;

e. The Action seeks injunctive relief;

f. The Defendants have acted or refused to act on grounds that apply generally to the class, so that the final Injunctive Relief provided by

the Settlement Agreement is appropriate respecting the class as a whole; and

   g. Because this Action is being settled and not litigated, the Court need not consider manageability issues that might be presented by the trial of a statewide class action involving the issues in this case. *See Amchem Prods., Inc., v. Windsor,* 521 U.S. 591, 620 (1977).

5. For the purpose of the Settlement, the Court appoints Plaintiff David Volz as Settlement Class Representative, and appoints Richard Wayne of Strauss Troy and Brian Giles of Statman, Harris, & Eyrich, LLC as Class Counsel pursuant to Fed. R. Civ. P. 23(g).

6. The Court finds and concludes that the Parties provided adequate notice pursuant to Fed. R. Civ. P. 23(e) and the Court's Preliminary Approval Order.

7. The above Settlement Class is certified solely for the purpose of the settlement embodied in the Settlement Agreement. The Court finds and orders that the Defendants have not conceded that this Action or any similar case is amenable to class certification for trial purposes, and orders that nothing in this Final Order or in the Settlement Agreement shall prevent the Defendants or Plaintiffs from opposing or supporting class certification, or seeking de-certification, if this Final Order approving the Settlement Agreement is reversed or invalidated, on appeal or otherwise, for any reason.

8. The Court finds that the Settlement Agreement is fair, reasonable and adequate based on the following factors, among other things:

a. there is no fraud or collusion underlying this Settlement Agreement, and it was reached after good faith, arms' length negotiations, warranting a presumption in favor of approval;

b. Plaintiffs' likelihood of success on the merits balanced against the form of relief offered weighs in favor of settlement;

c. the complexity, expense and likely duration of the litigation weigh in favor of settlement;

d. the stage of the proceeding and the amount and results of discovery weigh in favor of settlement;

e. counsel for the Parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action and they are in a position to enable the Parties to make an informed decision as to the fairness and adequacy of the settlement, and their judgment and experience weigh in favor of settlement;

f. the nature of the negotiations weighs in favor of the settlement;

g. the limited number and nature of the objections raised by Settlement Class Members weigh in favor of settlement; and

h. the public interest weighs in favor of settlement. *See Enterprise Energy Corp. v. Columbia Gas Transmission Corp.,* 137 F.R.D. 240, 245 (S.D. Ohio 1991).

9. Accordingly, the Court finds that the terms of the Settlement Agreement, including any and all amendments and exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and

adequate as to, and in the best interests of, Plaintiffs and Settlement Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law.

10. The Court therefore approves the Settlement Agreement. The Court directs the settlement to be consummated in accordance with the terms and conditions set forth in the Settlement Agreement.

    Subject to the terms and conditions of the Settlement Agreement, the Court enters an injunction against the Defendants requiring it to comply with the requirements set forth in Settlement Agreement. The Court finds this injunction is necessary to provide relief to the settlement class. Accordingly, the Court orders the following injunction:

    a. Defendants shall state the amount of calories per bottle of the Product on the Principal Display Panel of the Product.

    b. For as long as Defendants display a panel on the Product designating the Product as "excellent source" of certain nutrients, Defendants shall display in bold type the following statement immediately below that panel: "see nutrition facts for more detail".

    c. Defendants shall not use the following statements on Labeling and Marketing of the Product:

        (i) "vitamins + water = what's in your hand;

        (ii) "vitamins + water = all you need";

(Iii) "made for the center for responsible hydration," provided nothing herein prevents the use of the word "hydration" in the marketing of the Product when not included in this precise phrase;

(iv) "this combination of zinc and fortifying vitamins can ... keep you healthy as a horse";

(v) "specially formulated to support optimal metabolic function with antioxidants that may reduce the risk of chronic diseases and vitamins necessary for the generation and utilization of energy from food";

(vi) "specially formulated to provide vitamin [A] (a nutrient known to be required for visual function), antioxidants and other nutrients [that] scientific evidence suggests may reduce the risk of age-related eye disease."

(vii) "specially formulated with bioactive components that contribute to an active lifestyle by promoting healthy, pain-free functioning of joints, structural integrity of joints and bones , and optimal generation and utilization of energy from food";

(viii) "specially formulated with nutrients required for optimal functioning of the immune system, and the generation and utilization of energy from food to support immune and other metabolic activities";

(ix) "specially formlated with [BJ vitamins and theanine. The [B] vitamins are there to replace those lost during times of stress (physical and mental). Theanine is an amino acid found naturally in tea leaves and has been shown to promote feelings of relaxation. This combination can help bring about a healthy state of physical and mental being"; and

(x) "specially formulated with nutrients that enable the body to exert physical power by contributing to structural integrity of the musculoskeletal system, and by supporting optimal generation and utilization of energy from food."

Provided that the Defendants shall have taken or cause to be taken all the actions set forth in the Settlement Agreement, the Defendants shall be deemed to have complied with the injunction set forth in this paragraph.

11. The Court discharges and releases the Released Parties from each of the Released Claims, as provided in the Settlement Agreement.

12. The Action is hereby dismissed (a) with prejudice as to (i) all of Plaintiffs' Claims and (ii) the Class's Injunctive Relief Claims, and (b) without prejudice as to any Damage Claims.

13. Notwithstanding anything stated elsewhere in this Final Order or the Settlement Agreements, Settlement Class Members (except Plaintiffs) are not barred by this Final Order or by the Settlement Agreement from bringing Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2), or any similar state law rule) in any future lawsuit against the Defendants related to the claims asserted in this Action. Nor are the Defendants barred from disputing the merits of such claims or their eligibility for class certification in any future proceeding.

14. The Released Parties are permanently barred and enjoined from instituting, maintaining or prosecuting either directly or indirectly, any lawsuit that asserts the Released Claims. This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this Final Order, and this

Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

15. This Final Order and the Settlement Agreement, whether or not it shall become final, the Injunctive Relief provided by the Defendants, and any and all negotiations, discussions and /or communications associated with the Settlement Agreement, shall not:

    a. Be deemed, used, offered or received against the Defendants (i) as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by Plaintiffs, the deficiency of any defense that has been or could have been asserted in the litigation, or any alleged wrongdoing, liability, negligence, or fault of the Defendants; (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings; (iii) as a waiver of the Defendants' right to challenge class certification if this Settlement Agreement is terminated for any reason; or (iv) as an admission of, or evidence of, any fault or omission of the Defendants in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal;

    b. Be deemed, or used, offered or received against Plaintiffs or the Settlement Class, or each or any of them, as an admission, concession or evidence of, the infirmity or strength of any Released Class Claims or Released Plaintiffs Claims raised in the Action, the availability or lack of availability of meritorious defenses to the Released Class Claims or the

Released Plaintiffs Claims raised by the Defendants in the Action or an admission, concession or evidence of lack of suitability of this Action for class certification under Fed. Civ. R. 23(b)(l) or (b)(3) on the part of Plaintiffs; or

c. Be deemed, or used, offered or received against the Released Parties, or each or any of them, (i) as an admission or concession with respect to any liability, negligence, fault or wrongdoing in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (ii) as an admission of the appropriateness of class certification for trial or dispositive motion proceedings.

However, this Final Order and the Settlement Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to the Settlement Agreement may be used in any proceedings as may be necessary to effectuate the *provisions* thereof. In addition, any party or any of the Released Parties may file this Final Approval Order and Judgment and/or the Settlement Agreement in any action that may be brought against such Party or parties in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

16. The Court approves an award to Class Counsel in the amount of $1,200,000.00 covering all of Class Counsel's reasonable fees, costs and expenses pursuant to Fed. R. Civ. P. 23(h).

17. The Court has jurisdiction to enter this Final Approval Order and Judgment. Without in any way affecting the finality of this Final Approval Order and Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement Class Members, and all matters relating to the administration, consummation, validity, enforcement and interpretation of the Settlement Agreement and of this Final Approval Order and Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement and/or this Final Approval Order and Judgment (including without limitation: whether a Person is a Settlement Class Member, whether claims or causes of action allegedly related to this Action are or are not barred or released by this Final Approval Order and Judgment; and whether any Person is enjoined from pursuing any claims);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate this Final Approval Order and Judgment, or to ensure the fair and orderly administration of the Settlement Agreement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Parties and the Settlement Class Members.

18. Notwithstanding anything to the contrary m this Final Approval Order and Judgment, the dismissal with prejudice of this Action shall not affect, alter or diminish in any way the ability of Class Members (except Plaintiffs) to bring Damage Claims, either through an individual action or through the procedural device of a class action (except under Fed. R. Civ. P. 23(b)(2)), or any similar state law rule, against the Defendants related to claims asse11ed in this Action.

19. Pursuant to Fed. R. Civ. P 54(b), there is no just reason for delay in the entry of this Final Approval Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                          Michael R. Barrett, Judge
                                          United States District Court