UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID VOLZ, et al.	CASE NO: 1:10cv879

    Plaintiffs,

  -vs-	Michael R. Barrett, Judge

THE COCA COLA COMPANY and
ENERGY BRANDS, INC.

    Defendants

**O R D E R**

On December 2, 2014, this matter came on for hearing on Class Counsel's request for Attorneys' Fees and costs as set forth in detail in the Unopposed Motion of Class Counsel for Attorneys' Fees and Costs (Doc. 51).  In support of their fee request, Class Counsel attached the Declaration of Richard Wayne (Doc. 51-1) which includes Class Counsel's qualifications and experience, (Exh. 1, Doc. 51-1); Declaration of Co-Counsel, Brian Giles (Exh. 2, Doc. 51-1); Declaration of Co-Counsel, Aashish Y. Desai (Exh. 3, Doc. 51-1); Declaration of Co-Counsel, William C. Wright (Exh. 4, Doc. 51-1); Declaration of J. Russell Pate (Exh. 5, Doc. 51-1); and, Declaration of Christopher S. Shank (Exh. 6, Doc. 51-1).  The Sixth Circuit has explained that: "A 'court's initial point of departure, when calculating reasonable . . . fees, is the determination of the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate.'" *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

Class Counsels' lodestar, based upon the submissions reviewed by the Court is $1,918,415.50. "After the initial lodestar calculation, the district court has discretion to adjust the award based on relevant consideration 'peculiar to the subject litigation.'" *Binta B. ex rel. S.A. v. Gordon*, 710 F.3d 608, 628 (6th Cir. 2013) (quoting *Adcock–Ladd v. Sec'y of Treas.*, 227 F.3d 343, 349 (6th Cir. 2000)). In addition:

> "The district court ... should exclude from this initial fee calculation hours that were not 'reasonably expended.' " *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933 (quoting S.Rep. No. 94–1011, at 6 (1976) ("counsel for prevailing parties should be paid, as is traditional with attorneys compensated by a fee-paying client, for all time reasonably expended on a matter.") (internal quotations omitted)). This means that "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," and thus "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434, 103 S.Ct. 1933. (quotations omitted).

*Id.* at 627-28. Class Counsel themselves have more than adequately addressed this factor by seeking fees and costs in the amount of $1,200,000.00 or 63% of their total lodestar.

Also, in determining whether the amount of an award is reasonable, courts consider (1) the value of the benefit rendered for the class; (2) society's stake in rewarding the attorneys who produce such benefits; (3) the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of the attorneys involved. *See Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

In this case, the parties rendered benefit for the Class by obtaining substantial injunctive relief to the Settlement Class Members as well as preserving the Settlement Class Members' rights to file damage claims on an individual class-wide basis. The

injunctive relief to Class Members contains clear marketing labels that properly educate consumers.  Further, Defendants have altered their marketing practices and procedures.  This corrective action is significant.   Society has benefited because this fee award encourages qualified counsel to bring inherently difficult and risky but beneficial class action cases.  *In re Cardeziam*, 218 F.R.D. 508, 534 (E.D. Mich. 2003).  As in fee shifting cases, "[A]ttorneys who take on class action matters enabling litigants to pool their claims provide a huge service to the judicial process and should be rewarded for their effects."  *In re Sketchers Toning Shoe Prods. Liab. Litig.*, 2013 U.S. Dist LEXIS 67441, at *42 (W.D. Ky. 2013).  Class Counsels' billing records support the value of the services recorded on an hourly basis and reflect the average attorney rates which are reasonable for the communities of practice.  In addition, Class Counsels' Declarations support the skill and standing of the attorneys involved in this case in obtaining valuable injunctive relief during the course of this complex litigation.

Therefore, Plaintiffs' Unopposed Motion of Class Counsel for Attorneys' Fees and Costs (Doc. 51) is **GRANTED**.  The Court orders that Class Counsel receive $1,200,000.00 for attorneys' fees, costs and expenses.

**IT IS SO ORDERED**.

s/Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court
